■ DORIS S. PAYNE et al., Appellants, v PALISADES INTERSTATE PARK COMMISSION et al., Respondents. [640 NYS2d 683] —Mercure, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered January 12, 1995 in Ulster County, which partially denied plaintiffs' motion for summary judgment.

In the related case of *Payne v Palisades Interstate Park Commn.* (204 AD2d 787), we determined plaintiffs' right, as descendants of Alfred Smiley and Ruth Smiley, to the use and enjoyment of specified real property within the present Lake Minnewaska State Park in Ulster County, acquired by virtue of grants made in 1958 agreements between the Smileys and George H. Smiley & Son, Inc., respondents' predecessor in title to the property. In the current action pursuant to RPAPL article 15, plaintiffs seek, among other things, to establish their right to construct dwellings on the subject property. On plaintiffs' motion for summary judgment, Supreme Court determined that plaintiffs had no right to construct new dwellings, a conclusion challenged by plaintiffs on this appeal.

We affirm. In our view, Supreme Court correctly construed the 1958 agreements in accordance with the doctrine of "inclusio unius est exclusio alterius" and the decision of the Court of Appeals in *Two Guys v S.F.R. Realty Assocs.* (63 NY2d 396, 403-404). Specifically, the fact that the agreements delineated the respective rights of the Smileys and of their descendants, and expressly granted the Smileys "the right to improve said land at their own expense [and] to erect dwellings thereon for residential purposes" but made no corresponding grant in favor of the descendants, compels a finding that the contracts implicitly prohibited the descendants' construction of dwellings on the land (*see, supra*). It is by no means irrational for a grantor to authorize certain improvements by a current generation of grantees but to deny that right to the succeeding gen-

eration of grantees. Further, the fact that the contracts permit both the Smileys and their descendants to use stone, gravel, earth, timber, slate and other natural resources from the property for fill, building materials or landscaping does not dictate a contrary interpretation. Surely, plaintiffs could make use of the specified resources in the maintenance of existing buildings and improvements in the nature of landscaping and fill, which, as acknowledged by the State, are authorized under the contracts.

Plaintiffs' remaining contentions have been considered and found unavailing.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.