■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MOREL, Appellant. [702 NYS2d 818] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered on or about June 4, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.

■ HELEN NASH et al., Appellants-Respondents, v JUNCTION PARTNERS et al., Respondents-Appellants. [702 NYS2d 817] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 3, 1998, which, in an action to recover monies allegedly withheld in contravention of a partnership agreement, denied plaintiffs' motion for summary judgment and defendants' cross motion for summary judgment on their fifth, sixth and eighth defenses, unanimously affirmed, without costs.

The motion court correctly held that ambiguities in the subject partnership agreement and its amendment rendered its interpretation as a matter of law impracticable at this juncture in the litigation (*cf., Payne v Palisades Interstate Park Commn.*, 226 AD2d 902, *lv denied* 88 NY2d 810), and that questions of fact precluded resolution of the agreement's ambiguities on the basis of extrinsic evidence. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.