■ PENNY ZUCKERWISE, Respondent, v SORCERON INC. et al., Appellants. [735 NYS2d 100] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 3, 2001, which, to the extent appealed from, denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff was admittedly not an employee of defendant Sorceron Inc. and, therefore, the general rule that an employee with a contract of fixed duration may not be terminated without cause (*see, Carter v Bradlee*, 245 App Div 49, *affd* 269 NY 664) is inapplicable. However, "[i]mplicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance" (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). Plaintiff, a consultant to Sorceron, whose sole compensation was the grant of an option to purchase shares exercisable in installments tied to specific events, alleges that her termination without cause, forcing an acceleration of the exercise of her option, effected a forfeiture of the option. This allegation, that Sorceron withheld from her the intended benefits of the parties' agreement, sufficiently states a claim for breach of the implied covenant of good faith and fair dealing (*see, Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513; *Miller v Almquist*, 241 AD2d 181, 184-185). Contrary to Sorceron's argument, we find that the consulting agreement in question did not unambiguously grant defendant an unconditional right to terminate the agreement without cause. The agreement defines the term "Termination Without Cause" but provides no express right to terminate. Although a right to terminate might be fairly implied from the definition, the provision is ambiguous. Notably, there is no reference, in the definition of "Consulting Period," to the possibility of an earlier termination of the consulting agreement due to a termination without cause. Plaintiff's argument that the right to terminate without cause is limited by the definition of the Consulting Period is no less reasonable than defendants' position that the definition grants an unconditional right to terminate without cause (*see, Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 437; *see also, Two Guys v S.F.R. Realty Assocs.*, 63 NY2d 396, 403). Thus, at the very least, the

contract is ambiguous and cannot be construed as a matter of law on the instant motion to dismiss (*see, Nash v Junction Partners*, 269 AD2d 228).

Plaintiff's cause of action for breach of a stockholders' agreement was properly sustained. Whether plaintiff's demands for access to the company's books were reasonable and whether Sorceron complied with its obligation under the stockholders' agreement to provide reasonable access raise factual questions not properly resolved on a motion to dismiss (*cf., Bronxville Knolls v Webster Town Ctr. Partnership*, 221 AD2d 248). Although defendants maintain that the complaint fails to adequately allege plaintiff's damages, the complaint does contain "allegations from which damages attributable to the defendant's breach might be reasonably inferred" (*CAE Indus. v KPMG Peat Marwick*, 193 AD2d 470, 473), and it is immaterial that the complaint fails to specify the quantum of damages with certainty (*see, Daukas v Shearson, Hammill & Co.*, 26 AD2d 526).

The allegation that, in causing Sorceron to breach the consulting and stockholders' agreement, Jonathan Prince acted outside the scope of his employment with Sorceron and for his own personal benefit, to effect a forfeiture of plaintiff's option and prevent her from obtaining financing, and thereby avoid a dilution of his interest as the controlling shareholder, sufficiently stated a cause of action for tortious interference with contract against Prince (*see, Hoag v Chancellor, Inc.*, 246 AD2d 224, 228). Concur—Nardelli, J. P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.