■ New York Merchants Protective Co., Inc., Appellant, v Afranio Rodriguez et al., Respondents. [837 NYS2d 341]—In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated August 14, 2006, as granted those branches of the defendants' motion which were to dismiss so much of the first cause of action as alleged breach of a noncompetition agreement insofar as asserted against the defendant Afranio Rodriguez, the second cause of action, and so much of the third cause of action for injunctive relief as was predicated on those claims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were to dismiss so much of the first cause of action as alleged breach of a noncompetition agreement insofar as asserted against the defendant Afranio Rodriguez, the second cause of action, and so much of the third cause of action for injunctive relief as was predicated on those claims are denied.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]). In this case, the complaint sufficiently alleged a cause of action against the defendant Afranio Rodriguez to recover damages for the breach of a noncompetition agreement he executed with the plaintiff's predecessor, incident to the sale of his business to that entity. Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss so much of the first cause of action as alleged a violation of that agreement on the part of Afranio.

Moreover, the elements of a cause of action to recover damages for tortious interference with contract, alleged in the second cause of action, are the existence of a valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422 [2007]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). The complaint sufficiently alleged this cause of action as well, and it should not have been dismissed.

The third cause of action sought injunctive relief. In light of its determination of the defendants' motion, set forth above, the Supreme Court dismissed so much of the third cause of action as was interposed to restrain the alleged continued violation of the noncompetition agreement by Afranio, as well as the alleged continued tortious interference by all of the defendants with the plaintiff's contracts. In light of our determination, that portion of the third cause of action should not have been dismissed.

The plaintiff's remaining contentions are without merit. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.