■ R.U.M.C. REALTY CORP., Appellant, v JCF ASSOCIATES, LLC, Respondent. [859 NYS2d 465]—

In an action to recover damages for tortious interference with contract and conversion, the plaintiff appeals (1), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 15, 2006, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for tortious interference with contract, and (2), as limited by its brief, from so much of an order of the same court dated May 18, 2007, as, upon renewal, granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for conversion, which was denied in the order dated December 15, 2006.

Ordered that the order dated December 15, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for tortious interference with contract is denied; and it is further,

Ordered that the order dated May 18, 2007 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff leased certain commercial property from Robson Sales Corporation (hereinafter Robson). A rider to the lease contained a provision requiring that the plaintiff be given the right of first refusal in the event of a sale of the premises during the lease term. During the lease term, Robson sold the premises to the defendant.

The plaintiff then commenced the instant action against the defendant. The plaintiff asserted a cause of action to recover damages for tortious interference with contract, alleging, inter alia, that Robson breached the lease by failing to give it the opportunity to exercise its right of first refusal, and that the defendant intentionally procured that breach. In addition, alleging that the defendant improperly destroyed certain property remaining in the premises after the plaintiff vacated the premises, the plaintiff asserted a cause of action to recover damages for conversion.

The Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for tortious interference with contract. In order to succeed on such a cause of action, the plaintiff must establish: (1) the existence of a

valid contract between it and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of the third party's breach of that contract without justification, and (4) damages (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Foster v Churchill,* 87 NY2d 744, 749-750 [1996]). While the defendant established, prima facie, that it did not intentionally procure Robson's alleged breach of the lease provision at issue, the plaintiff raised a triable issue of fact as to whether this was the case. Furthermore, contrary to the Supreme Court's determination, while Robson and the plaintiff entered into a "surrender agreement" releasing Robson from its obligations under the lease, that agreement, entered into several months after the contract for the sale of the premises was executed, does not preclude the plaintiff from asserting its cause of action to recover damages for tortious interference with contract (*cf. Bogoni v Friedlander,* 197 AD2d 281, 288 [1994]).

However, the Supreme Court, upon renewal, correctly granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for conversion. The defendant demonstrated its entitlement to judgment as a matter of law with respect to this cause of action by establishing, prima facie, that the plaintiff did not have a "possessory right or interest in" the allegedly converted property (*Colavito v New York Organ Donor Network, Inc.,* 8 NY3d 43, 50 [2006]), which, one of the plaintiff's co-owners acknowledged, was owned by another entity. In response, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are not properly before this Court, without merit, or do not require reversal. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur. [*See* 14 Misc 3d 1206(A), 2006 NY Slip Op 52426(U).]