■ MICRO TECHNOLOGY INTERNATIONAL, INC., Appellant, v ARTECH INFORMATION SYSTEMS, LLC, et al., Defendants, and INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent. [883 NYS2d 710]—In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated June 3, 2008, which granted the renewed motion of the defendant International Business Machines Corporation pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the renewed motion of the defendant International Business Machines Corporation pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is denied.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should, among other things, "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the facts as alleged by the plaintiff in support of the cause of action asserted against the defendant International Business Machines Corporation (hereinafter IBM) fit within a cognizable theory. The plaintiff made sufficient factual allegations to state a cause of action against IBM to recover damages for tortious interference with contract (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). Accordingly, the Supreme Court should have denied IBM's renewed motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.