■ BETTY MEI-LING CHUNG, Appellant, v ANNA WANG et al., Respondents. [912 NYS2d 647]—

In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated July 8, 2009, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) is denied.

The plaintiff asserted causes of action to recover damages for tortious interference with contract, fraud, and conspiracy. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), contending that the causes of action were time-barred and failed to state a cause of action. In the order appealed from, the Supreme Court, inter alia, granted the defendants' motion. We reverse the order insofar as appealed from.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired (see Sabadie v Burke, 47 AD3d 913 [2008]; Savarese v Shatz, 273 AD2d 219 [2000]). Contrary to the Supreme Court's determination, the causes of action alleging tortious interference with contract and fraud are not governed by a one-year statute of limitations. Rather, the cause of action alleging tortious interference with contract is governed by the three-year limitations period of CPLR 214 (4) (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 92 [1993]), while a cause of action based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered, whichever is longer (see CPLR 213 [8]; Pericon v Ruck, 56 AD3d 635, 636 [2008]). The defendants failed to establish that the causes of action alleging tortious interference with contract and fraud were time-barred. Therefore, the Supreme Court erred in granting those branches of the defendants' motion which were to dismiss those causes of action pursuant to CPLR 3211 (a) (5).

The Supreme Court also erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of the third party's breach of that contract, and (4) damages (see Foster v Churchill, 87 NY2d 744, 749-750 [1996]; R.U.M.C. Realty Corp. v JCF Assoc., LLC, 51 AD3d 993, 994-995 [2008], citing Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). "The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party

to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Orlando v Kukielka*, 40 AD3d 829, 831 [2007]; *see also Lama Holding Co. v Smith Barney*, 88 NY2d at 421). "Where a cause of action or defense is based upon misrepresentation, fraud, [or] mistake . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]).

Viewing the complaint in the light most favorable to the plaintiff and accepting the factual allegations as true, we find that the complaint sufficiently stated causes of action to recover damages for tortious interference with contract and fraud (*see Micro Tech. Intl., Inc. v Artech Info. Sys., LLC*, 62 AD3d 764 [2009]; *Zuckerwise v Sorceron Inc.*, 289 AD2d 114, 115 [2001]; *Pericon v Ruck*, 56 AD3d 635 [2008]). Moreover, the plaintiff pleaded each of the elements of fraud with the requisite specificity pursuant to CPLR 3016 (b) (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 [2008]; *Etzion v Etzion*, 62 AD3d 646, 652-653 [2009]; *Pericon v Ruck*, 56 AD3d at 636).

Since the plaintiff stated causes of action to recover damages for independently actionable torts such as fraud and tortious interference with contract, the Supreme Court erred in dismissing the plaintiff's cause of action alleging conspiracy pursuant to CPLR 3211 (a) (7) (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Shepis v 3 Cottage Place Assoc.*, 265 AD2d 317 [1999]).

The parties' remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.