■ NAGAN CONSTRUCTION, INC., et al., Appellants, v MONSIGNOR MCCLANCY MEMORIAL HIGH SCHOOL et al., Defendants, and LIZARDOS ENGINEERING ASSOCIATES, P.C., Respondent. [986 NYS2d 532]—

In an action, inter alia, to recover damages for tortious interference with contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated August 7, 2012, as granted that branch of the motion of the defendant Lizardos Engineering Associates, P.C., which was pursuant to CPLR 3211 (a) (7) to

dismiss the cause of action alleging tortious interference with contract insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810 [2011]; *Peterec-Tolino v Harap*, 68 AD3d 1083, 1084 [2009]). Here, the Supreme Court properly determined that the complaint failed to state a cause of action against the defendant Lizardos Engineering Associates, P.C. (hereinafter Lizardos), to recover damages for tortious interference with contract. The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages (*see Foster v Churchill*, 87 NY2d 744, 749-750 [1996]; *Chung v Wang*, 79 AD3d 693, 694 [2010]; *R.U.M.C. Realty Corp. v JCF Assoc., LLC*, 51 AD3d 993, 994-995 [2008]). Viewing the complaint in the light most favorable to the plaintiffs and accepting the factual allegations as true, the complaint failed to sufficiently allege that Lizardos engaged in any conduct which resulted in the breach of a contract (*see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC*, 82 AD3d 1035, 1036 [2011]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 88 AD2d 50, 72 [1982], *affd* 59 NY2d 314 [1983]; *see also NBT Bancorp v Fleet/ Norstar Fin. Group*, 87 NY2d 614, 621 [1996]; *cf. Foster v Churchill*, 87 NY2d at 749-750; *Micro Tech. Intl., Inc. v Artech Info. Sys., LLC*, 62 AD3d 764 [2009]). Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.