■ WAYNE ROSE, Appellant, v DIFFERENT TWIST PRETZEL, INC., et al., Respondents, et al., Defendants. [999 NYS2d 438]—

In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated December 18, 2012, as granted those branches of the cross motion of the defendants Reshma Shah, Mohmed Shah, Vilander Kumar, Jeevahan Sivasubramaniam, Suleman Shah, and Whitehall Pretzel & Ice Cream, Inc., which were pursuant to CPLR 3211 (a) to dismiss the causes of action in the amended complaint alleging tortious interference with contract, civil conspiracy, and unjust enrichment insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Reshma Shah, Mohmed Shah, Vilander Kumar, Jeevahan Sivasubramaniam, Suleman Shah, and Whitehall Pretzel & Ice Cream, Inc., which was to dismiss the cause of action alleging tortious interference with contract, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff by the defendants Reshma Shah, Mohmed Shah, Vilander Kumar, Jeevahan Sivasubramaniam, Suleman Shah, and Whitehall Pretzel & Ice Cream, Inc.

In a prior order in this action, the Supreme Court held that an alleged oral contract between the plaintiff and some or all of the defendants Reshma Shah, Mohmed Shah, Vilander Kumar, Jeevahan Sivasubramaniam, Suleman Shah, and Whitehall Pretzel & Ice Cream, Inc. (hereinafter collectively the Whitehall defendants), was unenforceable because it violated the statute of frauds. The court granted dismissal of the complaint insofar as asserted against the Whitehall defendants, and it granted the plaintiff leave to serve an amended complaint. In the amended complaint, the plaintiff alleged that he and the defendant Different Twist Pretzel, Inc. (hereinafter Different Twist), had a written agreement; that the Whitehall defendants were aware of that written agreement; and that the Whitehall defendants wrongfully brought about Different Twist's breach of that writ-

ten agreement, thereby causing the plaintiff to sustain damages. The Whitehall defendants cross moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) based on the statute of frauds and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and for summary judgment dismissing the complaint. The Supreme Court granted those branches of the cross motion which were to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7). The court reasoned that the prior order dismissing the original complaint was dispositive as to the causes of actions newly asserted in the amended complaint and that the prior order thus constituted the "law of the case." The plaintiff appeals.

The Supreme Court's prior order, which granted dismissal of the causes of action against the Whitehall defendants grounded on an alleged oral agreement between them and the plaintiff, did not constitute the law of the case as to the cause of action in the amended complaint alleging tortious interference with contract. That newly asserted cause of action was grounded on an alleged written agreement between the plaintiff and Different Twist. Accordingly, the Supreme Court erred in applying the doctrine of law of the case to that newly asserted cause of action (see *Obrycki v Elliott*, 130 AD2d 563, 564 [1987]).

The elements of a cause of action to recover damages for tortious interference with a contract are the existence of a valid contract with a third party, the defendant's knowledge of that contract, the defendant's intentional and improper procuring of a breach, and damages (see *White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *New York Merchants Protective Co., Inc. v Rodriguez*, 41 AD3d 565, 566 [2007]). Here, the amended complaint sufficiently alleged the elements of tortious interference with contract against the Whitehall defendants. Accordingly, the Supreme Court should not have granted that branch of the Whitehall defendants' cross motion which was to dismiss the cause of action alleging tortious interference with contract for failure to state a cause of action pursuant to CPLR 3211 (a) (see *Chung v Wang*, 79 AD3d 693, 694 [2010]; *Micro Tech. Intl., Inc. v Artech Info. Sys., LLC*, 62 AD3d 764, 764 [2009]).

Inasmuch, however, as New York does not recognize an independent cause of action for civil conspiracy, the Supreme Court properly granted that branch of the Whitehall defendants' cross motion which was to dismiss that cause of action (see *Blanco v Polanco*, 116 AD3d 892, 895-896 [2014]).

The parties' remaining contentions are without merit or need not be reached in light of our determination.

To the extent that the appellant raises an argument on appeal regarding that branch of the Whitehall defendants' cross motion which was for summary judgment dismissing the complaint, that branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.