■ DEBORAH HOPE DOELKER, INC., Doing Business as HULLABALLONS, UNLIMITED, Appellant, v JONATHAN KESTLY, Respondent. — Appeal from order of the Supreme Court, New York County (Stecher, J.), entered June 8, 1981, dis-

missed, without costs, as superseded by the order of September 2, 1981. Order entered September 2, 1981 (Stecher, J.), which denied plaintiff's motion to reargue and renew a prior denial of a preliminary injunction restraining defendant from competing with plaintiff's business, is reversed, with costs, on the law, and the motion for a preliminary injunction granted to the extent that defendant is enjoined for a period of one year from the date of service of this court's order from engaging in any business involving the sale of balloon bouquets within the geographic area of the City of New York and a 50-mile radius therefrom, and defendant is further enjoined from advertising his telephone number as the business number of a company engaged in selling balloon bouquets or from in any manner answering the telephone so as to suggest to callers that they are reaching plaintiff's business, and defendant is directed to provide plaintiff's business number to all persons calling in connection with the sale of balloon bouquets. In September of 1979, plaintiff Deborah Hope Doelker started a business, under the trade name HULLABAL-LOONS, which offers balloon bouquets for sale to the public. Due to the nature of the product, the marketing and sale of balloon bouquets is conducted almost exclusively by telephone. The business achieved a certain degree of success, and plaintiff found herself in need of some assistance. Thereupon she hired defendant, who signed an employment agreement containing the following restrictive covenant: "12. You agree that Hullaballoons (TM) is the trademark of Hullaballoons Unlimited, that the concept, product design and slogan of Hullaballoons are or may be copyrighted, and that information with which you will be supplied may constitute trade secrets. You agree that you shall not make use of the trademark, slogans, concept, product design or other informa-tion of Hullaballoons Unlimited, and shall not permit or encourage others to do so, except as required in the agreement. Furthermore, you agree not to engage, directly or indirectly, in any business which is in competition with Hullabal-loons Unlimited nor encourage others to do so, during the duration of this agreement or for a period of one year after the termination of the agreement." According to the plaintiff, defendant was furnished with access to confidential information and trade secrets relating to this new and innovative business. Plaintiff also put an answering service on her telephone advising customers to place their orders with defendant at his own number. When defendant re-signed, however, and despite the covenant not to compete, he began a business of the same nature and type as that of plaintiff, even to the point of employing the name B'LOONS, continuing to utilize the same telephone number that had been used by plaintiff's business when he was employed there, and apparently answering the phone by stating "Hello, B'LOONS." In her motion for a prelimi-nary injunction, plaintiff alleged that defendant's conduct clearly violates the restrictive covenant and constitutes unfair competition and that her business would be irreparably harmed by the loss of customers and good will. Special Term, declining to grant the relief sought, held that since the covenant was silent on the subject of geographic area, the court would not undertake to remake the agreement. The Court of Appeals, in *Karpinski v Ingrasci* (28 NY2d 45), upheld a restrictive covenant which was unlimited as to time. Quoting from a Harvard Law Review article (by Professor Blake, 73 Harv L Rev, at pp 674-675), the court asserted (p 52) that: " 'If in balancing the equities the court decides that his [the employee's] activity would fit within the scope of a reasonable prohibition, it is apt to make use of the tool of severance, paring an unreasonable restraint down to appropriate size and enforcing it.' " In the instant situation, plaintiff's business was centered in the New York City metropolitan area. It is therefore reasonable to conclude that the agree-ment contemplated that the defendant, having obligated himself not to com-pete with the plaintiff for a period of one year, would not engage in a balloon

bouquet business within the same geographical area. Where an otherwise valid restrictive covenant does not contain a geographic limitation, the court may, if warranted by equity as it is in the present case, interpret the clause in conformity with the intent of the parties. Because it is apparent to us that defendant is engaged in a course of conduct which constitutes unfair competition, we believe that the additional injunctive relief imposed herein is warranted. Concur — Sullivan, J. P., Ross, Carro, Lupiano and Milonas, JJ.