■ Paul Spadaccini, Appellant, v Donald Ritacco, Respondent, et al., Defendant.—In an action, inter alia, for a judgment declaring the rights of the parties pursuant to a stock purchase agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered September 11, 1990, which denied his motion for partial

summary judgment declaring that he did not violate certain provisions of the agreement.

Ordered that the order is affirmed, with costs.

In this dispute over terms of a stock purchase agreement, the court did not err in denying the plaintiff's motion for partial summary judgment seeking a declaration that he did not breach the agreement. The plaintiff's motion is predicated on the affidavits of the plaintiff and the parties' accountant which differ materially in the presentation of the facts recounted by the defendants and in the inferences to be drawn from those facts. Upon review of a denial of summary judgment, the opponent is entitled to every inference which reasonably can be drawn from the evidence. There are factual questions as to whether the parties' accountant properly calculated the net book value of the corporation as of April 30, 1986, and the net after-tax profits for May 1986. The agreement provides that both calculations are to be made by the regular accountant of Auto Sunroof of Larchmont, Inc., in accordance with the "ordinary accounting practice" of the corporation. The plaintiff seeks summary judgment declaring that the accountant's calculations were proper. Indeed, both the accountant and the plaintiff claim that the calculation of a loss in May 1986 was in accordance with accounting methods utilized by the corporation. In direct contrast with this claim, however, is the detailed affidavit of a tax attorney refuting the plaintiff's position. The tax attorney concluded that the books and records of the parties' business were ordinarily maintained on an accrual basis from which the accountant deviated in order to determine the net book value of the corporation as of April 30, 1986, and the loss in May 1986. In further opposition to summary judgment, the respondent asserts that the contract is silent on adjustments made by the accountant for expenses which only became known after the closing. Whether the accountant followed the "ordinary accounting practice" of the corporation must be resolved by the trier of fact. Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.