KEN-MEL REALTY CORPORATION et al., Respondents, v BRIGHTON TOOL AND EQUIPMENT COMPANY et al., Appellants. [614 NYS2d 184] —In an action, *inter alia,* to recover damages for breach of a lease, the defendants appeal (1) from an order of the Supreme Court, Kings County (Garry, J.) dated February 24, 1992, which denied their motions for summary judgment dismissing the first and fourth causes of action and, (2) as limited by their brief, from so much of an order of the same court, dated March 10, 1992, as denied those branches of their motion which were to dismiss the complaint for failure to supply discovery and to dismiss the complaint insofar as it is asserted against Alex Melamudov.

Ordered that the order dated February 24, 1992, is affirmed; and it is further,

Ordered that the order dated March 10, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly found that issues of fact exist with respect to whether the parties intended to incorporate into their May 6, 1988 lease certain terms which are contained in a letter of the same date *(see,* 22 NY Jur 2d, Contracts, § 226, at 74; *cf., Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48, 55; *Sbarra v Totolis,* 191 AD2d 867, 870; *Lane Constr. Co. v Winona Constr. Co.,* 49 AD2d 142, 146; *Hallmark Synthetics Corp. v Sumitomo Shoji N. Y.,* 26 AD2d 481, 484, *affd* 20 NY2d 871). Moreover, we agree with the

Supreme Court that questions of fact exist with respect to the enforceability of a restrictive covenant which is contained in the May 6, 1988 letter (see, Deborah Hope Doelker, Inc. v Kestly, 87 AD2d 763, 764; 104 NY Jur 2d, Trade Regulation, §§ 115-117).

We have reviewed the defendants' remaining contentions and find them to be lacking in merit (see, Spira v Antoine, 191 AD2d 219). Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.