■ MARK COHEN, Appellant, v MARVLEE, INC., Respondent. [618 NYS2d 62] —In an action pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover monies owed on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 19, 1992, which denied summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in denying the plaintiff summary judgment in view of the fact that the note being sued upon is inextricably intertwined with certain contractual obligations, including a noncompetition agreement, entered into between the parties. The defendant has instituted a separate action for breach of this noncompetition agreement, and has a motion presently outstanding to consolidate it with the instant action.

While generally the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where the contract and instrument are intertwined *(see, Inpar Bldg. Corp. v Veoukas,* 143 AD2d 810; *Lavelle v Urbach, Kahn & Werlin,* 198 AD2d 751). As the defendant's action to recover on the contract is sufficiently intertwined with the plaintiff's action to recover on the note, summary judgment was correctly denied. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.