*600 OPINION OF THE COURT
Julius Vinik, J.
In an action for a declaration that a noncompetition clause in an employment contract is unenforceable, the defendant moved to dismiss the complaint pursuant to CPLR 3211. Plaintiff cross-moved for "summary judgment.” Pursuant to CPLR 3211 (c), the court converted the motion and cross motion to CPLR 3212 motions for summary judgment and afforded the parties an opportunity to make additional submissions.
Plaintiff argues that the noncompete clause in his employment contract with defendant is unenforceable because it fails to specify any geographical scope.[1] Defendant, the parent corporation of BAR/BRI, a bar review course, contends that it is entitled to summary judgment dismissing the complaint because the noncompete clause places only limited and reasonable restrictions on plaintiff.
Plaintiff entered the employment contract with defendant on September 10, 1990 when he agreed to be defendant’s student representative at Syracuse University College of Law. The student representative’s primary duties are to solicit fellow students to enroll with BAR/BRI and to generally disseminate information concerning BAR/BRI among the law school population. For these services, a student representative receives a discount on the review course.
Noncompete clauses or restrictive covenants tending to prevent or limit an employee from pursuing a similar vocation after termination of employment are disfavored by the law (see, American Broadcasting Cos. v Wolf, 52 NY2d 394; Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496; Reed, Roberts Assocs. v Strauman, 40 NY2d 303, rearg denied 40 NY2d 918). However, where the covenants are reasonably related as to time and scope, are not unreasonably burdensome to the employee, and are not harmful to the general public, the law has held these restrictive covenants to be enforceable (see, Contempo Communications v MJM Creative Servs., 182 AD2d 351; Reed, Roberts Assocs. v Strauman, supra).
*601 In the case at bar, the noncompete clause is effective for two years subsequent to plaintiff’s graduation from law school.[2] In specifying this time limitation, the defendant takes into account the influential relationship a student representative may have with his or her fellow classmates. Consequently, the time limitation protects any relationship that a third-year student representative may have engendered with a first-year student. Indeed, the law "recognize[s] the legitimate interest an employer has in safeguarding that which has made his business successful and to protect himself against deliberate surreptitious commercial piracy.” (Reed, Roberts Assoc. v Strauman, 40 NY2d, supra, at 308.) Among these protections are the " 'special, unique and extraordinary’ ” relationships engendered by the employer’s agents. (Contempo Communications v MJM Creative Servs., 182 AD2d, supra, at 354.)
However, as plaintiff notes, on its face, the noncompete clause in this case lacks any geographic restriction. The defendant contends that its construction of the clause, as limiting plaintiff only with respect to activities at Syracuse University College of Law, is reasonable in view of plaintiff’s special relationship with the students there.
The court is reluctant to declare this otherwise valid non-compete clause unenforceable simply because the parties neglected to include a geographic restriction. Rather, "[w]here an otherwise valid restrictive covenant does not contain a geographic limitation, the court may, if warranted by equity * * * interpret the clause in conformity with the intent of the parties.” (Deborah Hope Doelker, Inc. v Kestly, 87 AD2d 763, 765; see also, Karpinski v Ingrasci, 28 NY2d 45.)
When the parties entered into the agreement, it was clear that plaintiff would serve as a student representative at Syracuse University College of Law. Indeed, plaintiff was enrolled as a student there and the contract mentions only one school— Syracuse University. Thus, the court finds that the agreement contemplated that the plaintiff would not engage in competitive activities at the Syracuse University College of Law campus.
Additionally, the court finds compelling the fact that defendant has not sought to enforce the noncompete clause to bar plaintiff from employment with West Pro, a competing bar review course. Rather, defendant indicated it would only seek *602 to enforce the clause if plaintiff were to solicit students at Syracuse University College of Law.
Accordingly, the defendant’s motion for summary judgment is granted and the plaintiff’s motion is denied. The court declares that the noncompetition clause in the parties’ employment contract shall be construed solely to restrict plaintiff from engaging in activities in competition with BAR/BRI at Syracuse University College of Law for the period specified and, as such, it is valid and enforceable. The complaint is dismissed.

. The noncompete clause reads: "II, H: Use your best efforts to preserve, protect and protect the good will of BAR/BRI and the integrity and quality of BAR/BRI materials and Agents, as well as not compete in any way with BAR/B[RI] during or within two years after termination of law school.”

. Since plaintiff graduated from Syracuse University College of Law in December 1993, the noncompete clause expires in December 1995.