■ WARD W. INGALSBE, JR., as Executor of the Estate of PEARL L. GIBSON, Deceased, Appellant, v HENRY MUELLER et al., Respondents. [684 NYS2d 59] —Spain, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 17, 1997 in Ulster County, which denied plaintiff's motion for summary judgment in lieu of complaint.

On August 16, 1994, defendants executed a promissory note pursuant to which they agreed to pay plaintiff's decedent the sum of $112,750 with 10% interest payable monthly and principal repayable in two installments of $56,375 due February 1, 1996 and February 1, 1997, respectively. Defendants made the first installment payment of $56,375 and each of the monthly interest payments until January 1996, after which they made no further payments. The stated reason for defendants' nonpayment was decedent's alleged breach of a contract of sale, dated August 13, 1994, and its amendment, dated August 16, 1994. Pursuant to this agreement, decedent had agreed to sell defendants, for the sum of $112,750, various books, photographs and other mementos from her family's col-

lection of items relating to, among other things, the practice of magic, spiritualism and the occult. According to defendants, they ceased payment on the note when it became apparent that many of the items they had contracted to purchase had not been included in the shipments that were delivered to them. Plaintiff subsequently made this motion pursuant to CPLR 3213 for summary judgment in lieu of complaint for collection of the outstanding balance due on the note. Supreme Court denied the motion and we affirm.

Plaintiff's contention that a separate action can be maintained against defendants for nonpayment of the note, independent of the terms of the contract and its amendment, is without merit. The three documents are clearly part of the same transaction. The note represents the consideration for the transfer of items from decedent's collection of memorabilia to defendants. The contract specifically refers to the note, the amount owed pursuant thereto (notably, the same amount as defendants had agreed to pay for the items from decedent's collection) and the terms of repayment. Indeed, a copy of the note was appended to the contract as "Exhibit B". We conclude that the rights and obligations set forth in the note, the contract and its amendment are "inextricably intertwined" (*A* + *Assocs. v Naughter*, 236 AD2d 655, 656; *see, Cohen v Marvlee, Inc.*, 208 AD2d 792). As triable issues of fact exist regarding the validity of the proffered defense for defendants' nonpayment, plaintiff's motion for summary judgment was properly denied enabling a full review and resolution by Supreme Court (*see, Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738, 739).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.