■ JOHN C. VECCHIO, Respondent, v ANNE COLANGELO et al., Appellants. [711 NYS2d 456] —In an action to recover on a promissory note, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 9, 1999, which, upon reargument of an order of the same court dated February 17, 1999, granting the plaintiff's motion for summary judgment on the issue of liability, granted summary judgment on the issue of damages as well, and (2) a judgment of the same court dated April 23, 1999, which is in favor of the plaintiff and against them in the principal sum of $20,000. The defendants' notice of appeal from the order dated April 9, 1999, is deemed to also be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the orders dated February 17, 1999, and April 9, 1999, are vacated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issues of liability and damages; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In October 1997 the plaintiff agreed to sell to the defendants a travel agency located in Staten Island. The parties executed a stock purchase agreement which provided, *inter alia,* for the delivery to the plaintiff of a $20,000 promissory note payable by the defendants on March 31, 1998. When the defendants defaulted, the plaintiff commenced the instant action, and moved for summary judgment.

In opposition to the motion, the defendants attempted to raise an issue of fact as to whether the plaintiff had complied with a condition precedent of the stock purchase agreement, which required the disclosure of any unusual or extraordinary indebtedness incurred by the travel agency before the closing date. The defendants argued that the plaintiff breached the contract by failing to disclose the existing indebtedness, and that therefore they were entitled to a substantial offset. By order dated February 17, 1999, the court granted the plaintiff summary judgment on the issue of liability and directed a trial on the issue of damages. The defendants' appeal from that order was dismissed for failure to perfect by decision and order of this Court dated December 14, 1999.

The plaintiff moved for reargument on the ground that damages were established by the terms of the note and no trial was necessary. The defendants reiterated the arguments they had advanced in opposition to the summary judgment motion. By order dated April 9, 1999, upon reargument, the Supreme Court granted summary judgment on the issue of damages in the principal sum of $20,000.

Initially, we note that since the defendants' appeal from the order dated February 17, 1999, was dismissed for failure to perfect (*see,* 22 NYCRR 670.8 [e]), the defendants would

normally be precluded from relitigating the issues raised on the previous appeal (*see, Bray v Cox,* 38 NY2d 350). However, this Court retains the authority to entertain a second appeal in the exercise of its discretion even where the prior appeal on the same issue has been dismissed for failure to perfect (*see, Faricelli v TSS Seedman's,* 94 NY2d 772; *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Aridas v Caserta,* 41 NY2d 1059). Under the circumstances of this case, we exercise our discretion to review both the issue of the defendant's liability and the issue of the damages, if any, to which the plaintiff may be entitled.

While, generally, the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where the contract and the instrument are inextricably intertwined (*see, Cohen v Marvlee, Inc.,* 208 AD2d 792). Here, since the promissory note was a significant and inextricable part of the stock purchase agreement, and the defendants raised factual issues regarding their right to an offset of funds pursuant to other terms in the agreement, the Supreme Court erred in granting summary judgment to the plaintiff. Accordingly, the judgment is reversed and the matter is remitted to the Supreme Court, Richmond County, for a trial on the issues of the defendants' liability and the extent of the damages, if any, which the plaintiff may have suffered. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.