■ DOROTHY SARANTOPOULOS et al., Appellants, v E-Z CASH ATM, INC., et al., Respondents. (Matter No. 1.) In the Matter of GEORGE LENDRIHAS, Respondent, v DOROTHY SARANTOPOULOS et al., Appellants, et al., Respondent. (Matter No. 2.) [826 NYS2d 688]—

In an action to recover on promissory notes brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and a related hybrid proceeding pursuant to Business Corporation Law § 619 to nullify a shareholder meeting held on March 14, 2004 and action for a judgment declaring that a shareholder meeting held on February 20, 2004 was valid, and that the shareholder meeting held on March 14, 2004 was a nullity, Dorothy Sarantopoulos, George Sarantopoulos, Manos Sarantopoulos, also known as Mike Saras, and Nick Sarantopoulos appeal from (1) an order of the Supreme Court, Kings County (Kramer, J.), dated June 24, 2004, which, among other things, determined that they had executed a valid covenant not to compete and that the obligation of George Lendrihas to make payments on the promissory notes was contingent upon their compliance with that covenant, and his right to exercise his shareholder voting rights was contingent upon his not being in "proven default" and (2) an order of the same court dated January 19, 2005, which, after a hearing, determined that the appellants Dorothy Sarantopoulos, George Sarantopoulos, and Nick Sarantopoulos breached the covenant not to compete, denied the motion of Dorothy Sarantopoulos and George Sarantopoulos

for summary judgment in lieu of complaint for the balance due on the promissory notes, and granted the petition of George Lendrihas pursuant to Business Corporation Law § 619 to nullify the March 14, 2004 shareholder meeting and for a judgment declaring, inter alia, that the February 20, 2004 shareholder meeting was valid, and that the March 14, 2004 shareholder meeting was a nullity.

Ordered that the notice of appeal from the order dated June 24, 2004 is deemed an application for leave to appeal from that order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated June 24, 2004 is affirmed; and it is further,

Ordered that the order dated January 19, 2005 is affirmed, upon searching the record, summary judgment dismissing the action to recover on the promissory notes is awarded to the defendants E-Z Cash ATM, Inc., E-Z Cash America, Inc., and George Lendrihas in matter No. 1, and the matters are remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the shareholder meeting held on February 20, 2004 was valid, and that the shareholder meeting held on March 14, 2004 was a nullity; and it is further,

Ordered that one bill of costs is awarded to E-Z Cash ATM, Inc., E-Z Cash America, Inc., and George Lendrihas.

Covenants not to compete which relate to the sale of a business and its accompanying good will, such as the one at issue in this case, may be enforced when they are reasonable in scope and duration, do not unreasonably burden the promisor, and do not harm the general public (*see Mohawk Maintenance Co. v Kessler*, 52 NY2d 276, 283-284 [1981]; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307 [1976]; *Meteor Indus. v Metalloy Indus.*, 149 AD2d 483, 485 [1989]). The Supreme Court properly determined that the covenant in this case satisfied these requirements and was valid and enforceable (*see Karpinski v Ingrasci*, 28 NY2d 45 [1971]; *Town Line Repairs v Anderson*, 90 AD2d 517 [1982]; *Doelker, Inc. v Kestly*, 87 AD2d 763 [1982]).

Furthermore, the Supreme Court's conclusion that the appellants Dorothy Sarantopoulos, George Sarantopoulos, and Nick Sarantopoulos breached the covenant shortly after executing the subject stock purchase agreement is amply supported by the record, and we agree with the court's credibility determinations in this regard (*see Lynn v State of New York*, 33 AD3d 673 [2006]; *Healy v Williams*, 30 AD3d 466, 468 [2006]; *Matter of Piterniak*, 16 AD3d 513, 514 [2005]). Similarly, the court correctly concluded under these circumstances that once these ap-

pellants breached the covenant, George Lendrihas was no longer obligated to make payments pursuant to the promissory notes. Accordingly, the motion for summary judgment in lieu of complaint on the notes was properly denied (*see Cohen v Marvlee, Inc.*, 208 AD2d 792 [1994]; *see also Vecchio v Colangelo*, 274 AD2d 469 [2000]; *A+Assoc. v Naughter*, 236 AD2d 655 [1997]) and, upon searching the record (*see* CPLR 3212 [b]), summary judgment is awarded to E-Z Cash ATM, Inc., E-Z Cash America, Inc., and George Lendrihas dismissing the action to recover on the notes.

Moreover, in view of the foregoing, the Supreme Court also properly determined that the shareholder meeting convened by Lendrihas on February 20, 2004 was valid, and that the subsequent shareholder meeting held on March 14, 2004 was a nullity (*see* Business Corporation Law § 619).

Since this is, in part, a declaratory judgment action, we remit the matters to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the shareholder meeting held on February 20, 2004 was valid, and that the shareholder meeting held on March 14, 2004 was a nullity (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.