■ Mark Lorber et al., Respondents, v Mehron Morovati et al., Appellants. [922 NYS2d 109]—

In an action pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover monies owed on a promissory note, the defendants appeal from a judgment of the Supreme Court, Queens County (McDonald, J.), dated April 15, 2010, which, upon an order of the same court dated September 25, 2009, granting the plaintiffs' motion for summary judgment, an order of the same court dated December 18, 2009, denying the

defendants' motion to consolidate this action with an action entitled *Jackson Hgts. Dental Group, P.C. v Jackson Hgts. Dental Group MR,* pending in the same court under index No. 20872/09, and an order of the same court dated March 3, 2010, granting the plaintiffs' motion for an award of an attorney's fee, is in favor of the plaintiffs and against the defendants in the total sum of $158,434.86.

Ordered that the judgment is reversed, on the law, with costs, the orders dated September 25, 2009, December 18, 2009, and March 30, 2010, respectively, are vacated, the plaintiffs' motion for summary judgment and motion for an award of an attorney's fee are denied, the moving and answering papers are deemed the complaint and the answer, respectively, and the defendants' motion to consolidate the action with an action entitled *Jackson Hgts. Dental Group, P.C. v Jackson Hgts. Dental MR,* pending in the Supreme Court, Queens County, under index No. 20872/09, is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including amendment of the caption to reflect the consolidation.

The Supreme Court erred in awarding the plaintiffs summary judgment, as the promissory note being sued upon is intertwined with a purchase agreement entered into between the parties. The defendants purchased the plaintiffs' dental practice pursuant to a purchase agreement, which contained various contractual obligations owed by the plaintiffs, including, inter alia, a noncompetition covenant, a nonsolicitation covenant, and an agreement to supply the defendants with the dental practice's patient files, as well as various equipment and other assets. The defendants have instituted a separate action in the Supreme Court, Queens County, entitled *Jackson Hgts. Dental Group, P.C. v Jackson Hgts. Dental MR* , under index No. 20872/09, alleging, among other things, breach of contract under the purchase agreement and various acts of fraud, including retention of credit card proceeds for services rendered by the defendants.

While generally the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where, as here, the contract and instrument are intertwined (*see Sarantopoulos v E-Z Cash ATM, Inc.,* 35 AD3d 708, 709-710 [2006]; *Cohen v Marvlee, Inc.,* 208 AD2d 792 [1994]; *Inpar Bldg. Corp. v Veoukas,* 143 AD2d 810 [1988]). As the defendants' action to recover damages for breach of contract and fraud relating to the purchase agreement is sufficiently intertwined with the plaintiffs' action to recover on the promissory note, summary judgment should have been denied.

Moreover, since the plaintiffs were not entitled to summary judgment, their motion for an award of an attorney's fee should also have been denied.

In view of the issues of law and fact which this action shares with the aforementioned action pending in the Supreme Court, Queens County, consolidation is warranted (*see* CPLR 602 [a]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.