# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**397**

**CA 13-01248**

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND WHALEN, JJ.

---

RICHARD W. MAHUSON AND WALTER ROBERT BECKLUND,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

VENTRAQ, INC. AND ARISTON GLOBAL HOLDING, LLC,
DEFENDANTS-APPELLANTS.

---

NIXON PEABODY LLP, ROCHESTER (CHRISTOPHER D. THOMAS OF COUNSEL), AND
DENTONS US LLP, NEW YORK CITY, FOR DEFENDANTS-APPELLANTS.

HARTER SECREST & EMERY LLP, ROCHESTER (JEFFREY J. CALABRESE OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 2, 2013.
The order and judgment, among other things, granted the motion of
plaintiffs for summary judgment, dismissed defendants' counterclaims
and awarded plaintiffs money damages.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying those parts of the
motion seeking summary judgment on the complaint and dismissing the
first and third counterclaims, and by reinstating the first and third
counterclaims, and as modified the order and judgment is affirmed
without costs.

Memorandum: Plaintiffs were the majority shareholders in 10e
Solutions LLC (10e), a software company sold to the predecessor of
defendant Ventraq, Inc. (Ventraq) pursuant to a Securities Purchase
Agreement (Agreement). The Agreement contemplated that Ventraq would
employ plaintiffs, and plaintiffs entered into employment agreements
with Ventraq. Under the non-competition and non-solicitation
covenants in the Agreement and employment agreements, plaintiffs
agreed not to compete with Ventraq or solicit its customers or
employees for a specified period of time. The Agreement further
provided that plaintiffs and other former members of 10e were eligible
to receive payment of "Earn-Out Amounts" that were calculated in
accordance with the post-closing performance of 10e.

Based upon the post-closing performance of 10e, the members of
10e were entitled to such earn-out amounts. Ventraq agreed to pay
plaintiffs their respective shares of those amounts in monthly
installments, as evidenced by a Subordinated Note (Note). Ventraq,

however, was unable to make the scheduled payments, and the parties renegotiated the payment terms set forth in the Note.

After Ventraq defaulted in making payment under the renegotiated terms of the Note, plaintiffs commenced the instant action alleging, inter alia, breach of contract and seeking the balance of the earn-out amounts remaining due to them. Ventraq and defendant Ariston Global Holding, LLC, its parent company, asserted counterclaims for breach of contract, breach of fiduciary duty and misappropriation of trade secrets based upon plaintiffs' alleged violation of the non-competition and non-solicitation covenants in the Agreement and employment agreements, and their alleged misappropriation of trade secrets acquired by Ventraq through its purchase of 10e. Defendants allege, inter alia, that during their employment with Ventraq plaintiffs formed Preclarity Capital LLC (Preclarity), which competes directly with Ventraq, and that plaintiffs solicited three employees who thereafter left their employment with Ventraq for employment with Preclarity.

Supreme Court properly granted that part of plaintiffs' motion seeking summary judgment dismissing the second counterclaim, alleging misappropriation of trade secrets. Plaintiffs established their entitlement to judgment by submitting evidence that they did not take and Preclarity had not used any of the trade secrets identified by defendants, and defendants' submission in opposition to that evidence, "consist[ing] of nonspecific conclusory statements" that plaintiffs must have misappropriated trade secrets, did not raise a triable issue of fact (*Moser v Devine Real Estate, Inc. [Florida]*, 42 AD3d 731, 736).

The court erred, however, in granting that part of plaintiffs' motion seeking summary judgment dismissing the first counterclaim, alleging breach of contract, and we therefore modify the order and judgment accordingly. Plaintiffs' own submissions raise triable issues of fact whether they violated the non-competition and non-solicitation covenants at issue (*see generally Micro-Link, LLC v Town of Amherst*, 109 AD3d 1130, 1131). Contrary to the court's conclusion, moreover, we conclude that plaintiffs did not establish their entitlement to judgment as a matter of law on their affirmative defenses of waiver and estoppel. " '[T]he doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances' " (*Townley v Emerson Elec. Co.*, 269 AD2d 753, 753-754), and "waiver 'should not be lightly presumed' and must be based upon 'a clear manifestation of intent' to relinquish a contractual protection" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104). Plaintiffs' submissions do not eliminate issues of fact with respect to either estoppel (*see Reeve v General Acc. Ins. Co. of N.Y.*, 239 AD2d 759, 761) or waiver (*see Fundamental Portfolio Advisors, Inc.*, 7 NY3d at 104). Plaintiffs, moreover, cannot establish their entitlement to judgment dismissing the first counterclaim by pointing to alleged gaps in defendants' proof (*see Burke, Albright, Harter & Rzepka, LLP v Sills*, 83 AD3d 1413, 1413).

The court also erred in granting that part of plaintiffs' motion

seeking summary judgment dismissing the third counterclaim, alleging breach of fiduciary duty, and we therefore further modify the order and judgment accordingly. "It is well settled that an employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties" (*Wallack Frgt. Lines v New Day Express*, 273 AD2d 462, 463), and triable issues of fact remain whether plaintiffs made improper use of Ventraq's time, facilities or proprietary secrets while they were in Ventraq's employ (*see Don Buchwald & Assoc., Inc. v Marber-Rich*, 11 AD3d 277, 278-279).

We further conclude that the court erred in granting that part of plaintiffs' motion seeking summary judgment on the causes of action alleged in the complaint, and granting all of the relief sought therein. We thus further modify the order and judgment accordingly. The Agreement provides that, in the event of a breach of the non-competition or non-solicitation covenants by plaintiffs, defendants may assert any rights or remedies available to them "at law or in equity." Thus, although plaintiffs established that they are entitled to certain earn-out amounts pursuant to the Agreement and the Note, the Agreement also provides for offsets in the event of plaintiffs' violation of the non-competition and non-solicitation covenants (*see Fiore v Oakwood Plaza Shopping Ctr.*, 164 AD2d 737, 739, *affd* 78 NY2d 572, *rearg denied* 79 NY2d 916, *cert denied* 506 US 823; *Vecchio v Colangelo*, 274 AD2d 469, 471). Triable issues of fact remain with respect to defendants' right to an offset (*see Vecchio*, 274 AD2d at 471).

Finally, we note that defendants' request for leave to amend the answer to assert a counterclaim alleging tortious interference with contractual relations is improperly made for the first time on appeal (*see Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 995).

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court