■ RONALD R. MONTECALVO, JR., as Trustee of the GAIL MONTECALVO JTM STOCK TRUST, Appellant, v CAT EAST, LLC, et al., Respondents. [7 NYS3d 906]—

In an action to recover on a promissory note and personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 18, 2014, which denied his motion for summary judgment in lieu of complaint.

Ordered that the order is affirmed, with costs.

"While, generally, the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where the contract and the instrument are inextricably intertwined" (*Vecchio v Colangelo*, 274 AD2d 469, 471 [2000]; *see Fitzpatrick v Animal Care Hosp., PLLC*, 104 AD3d 1078, 1080 [2013]; *Lorber v Morovati*, 83 AD3d 799, 800 [2011]; *Tibball v Catalanotto*, 269 AD2d 386, 387 [2000]; *Ingalsbe v Mueller*, 257 AD2d 894, 895 [1999]). The defendant Cat East, LLC, had previously commenced an action to recover damages against the plaintiff, alleging that the plaintiff breached an operating agreement (*see Cat E., LLC v Montecalvo Indus., LLC*, Sup Ct, Suffolk County, index No. 2885/13). That action was inextricably intertwined with the instant action, which was commenced by the plaintiff to recover on a promissory note and personal guaranty. Indeed, the actions have already been joined for trial (*see* CPLR 602 [a]; *see Lorber v Morovati*, 83 AD3d at 801). Moreover, the promissory note refers to the operating agreement for the purpose of defining certain terms set forth in the note, and the promissory note and personal guaranty are referred to in, and appended as exhibits to, the operating agreement (*see Fitzpatrick v Animal Care Hosp., PLLC*, 104 AD3d at 1081; *Ingalsbe v Mueller*, 257 AD2d at 895).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.