■ Lance Oseff et al., Appellants, v Frank Scotti et al., Respondents, et al., Defendants. (Action No. 1.) Balco Alarm Services Corp., Appellant, v Balco Security Services, Inc., et al., Respondents. (Action No. 2.) [15 NYS3d 350]—In an action, inter alia, to recover damages for breach of contract (action No. 1), and a related action to recover on a promissory note and personal guaranty (action No. 2), which were joined for trial, (a) Balco Alarm Services Corp., a defendant in action No. 1 and the plaintiff in action No. 2, appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 10, 2013, as denied its motion for summary judgment on the complaint in action No. 2, and (b) Lance Oseff, Jennifer Oseff, Balco Security Services, Inc., and Security Central Alarm Services, Inc., the plaintiffs in action No. 1 and the defendants in action No. 2, cross-appeal from so much of the same order as granted those branches of the motion of Balco Alarm Services Corp. and Frank Scotti, a defendant in action No. 1, which were for summary judgment dismissing the causes of action in action No. 1 alleging fraud, tortious interference with contract, defamation, and conspiracy, and to recover attorneys' fees insofar as asserted against them, and thereupon directed the dismissal of the cause of action in action No. 1 for a permanent injunction insofar as asserted against Balco Alarm Services Corp. and Frank Scotti and directed the dismissal of the cause of action in action No. 1 alleging breach of contract insofar as asserted against Frank Scotti.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of Balco Alarm Services Corp. and Frank Scotti which was for summary judgment dismissing the cause of action in action No. 1 alleging defamation insofar as asserted against Frank Scotti, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Balco Alarm Services Corp. (hereinafter Balco), a corporation whose sole shareholder is Frank Scotti, entered into an agreement dated December 20, 2006 (hereinafter the contract), to sell certain business assets, including customer files and related customer service contracts, to Balco Security Services, Inc. (hereinafter BSS). Lance Oseff and Jennifer Oseff are the sole shareholders of BSS. The contract contained a restrictive

covenant limiting Balco's ability to solicit those customers transferred to BSS. In connection with the sale, BSS executed a promissory note for a portion of the sale price, and Lance Oseff and Jennifer Oseff executed a personal guaranty of the promissory note.

In 2009, Lance Oseff, Jennifer Oseff, Security Central Alarm Services, Inc., and BSS (hereinafter collectively the BSS parties) commenced an action against Scotti and Balco, among others, seeking to permanently enjoin them from, inter alia, soliciting BSS customers, and to recover damages for, inter alia, breach of contract, fraudulent inducement, defamation, conspiracy, and tortious interference with contract, and to recover attorneys fees (action No. 1). Balco thereafter commenced a separate action against the BSS parties to enforce the promissory note and the personal guaranty, alleging that they were in default under the terms of the promissory note (action No. 2). The Supreme Court joined the two actions for trial.

In action No. 1, Balco and Scotti moved for summary judgment dismissing several of the causes of action insofar as asserted against them. In action No. 2, Balco moved for summary judgment on the complaint. In the order appealed from, the Supreme Court granted those branches of Balco and Scotti's motion which were for summary judgment dismissing the causes of action in action No. 1 alleging fraud, tortious interference with contract, defamation, and conspiracy, and to recover attorneys' fees insofar as asserted against them, and, in effect, sua sponte, directed dismissal of the cause of action for a permanent injunction insofar as asserted against Balco and Scotti, and directed dismissal of the cause of action alleging breach of contract insofar as asserted against Scotti. The court denied Balco's motion in action No. 2. This appeal and cross appeal ensued.

The Supreme Court erred in granting that branch of the motion of Balco and Scotti which was for summary judgment dismissing the cause of action in action No. 1 alleging defamation, which was asserted against Scotti only. Scotti failed to establish his prima facie entitlement to judgment as a matter of law by failing to present any evidence to show that his alleged defamatory statements would not tend to injure the BSS parties in their trade, business, or profession and, thus, would not constitute slander per se (see Shaw v Club Mgrs. Assn. of Am., Inc., 84 AD3d 928, 930 [2011]; Wasserman v Haller, 216 AD2d 289, 289-290 [1995]). Accordingly, this branch of the motion of Balco and Scotti should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The Supreme Court properly granted that branch of the motion of Balco and Scotti which was for summary judgment dismissing the causes of action in action No. 1 alleging tortious interference with contract insofar as asserted against them. A claim founded on breach of contract does not give rise to an action in tort unless a legal duty independent of the contract has been violated (*see Chiarello v Rio*, 101 AD3d 793, 796-797 [2012]; *Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 642-643 [2011]). In support of this branch of their motion, Balco and Scotti relied upon the subject contract, which included a restrictive covenant expressly governing the tortious activity alleged. In opposition, the BSS parties failed to raise a triable issue of fact as to whether the alleged tortious interference with contract was based on the violation of a legal duty independent of the contract, or whether those causes of action sought damages separate from those arising from Balco's alleged breach of its contractual obligations. Accordingly, the Supreme Court properly granted that branch of the motion of Balco and Scotti which was for summary judgment dismissing this cause of action insofar as asserted against them (*see Chiarello v Rio*, 101 AD3d at 796-797; *Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d at 643).

The Supreme Court also properly granted that branch of the motion of Balco and Scotti which was for summary judgment dismissing the cause of action in action No. 1 alleging conspiracy insofar as asserted against them, as New York does not recognize an independent cause of action for conspiracy to commit a tort (*see Rose v Different Twist Pretzel, Inc.*, 123 AD3d 897, 898 [2014]; *Blanco v Polanco*, 116 AD3d 892, 895-896 [2014]).

The Supreme Court also properly granted that branch of Balco and Scotti's motion which was for summary judgment dismissing the cause of action in action No. 1 alleging fraud insofar as asserted against them. "While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a 'specific disclaimer destroys the allegations in [a] plaintiff's complaint that the agreement was executed in reliance upon . . . contrary oral [mis]representations' " (*Rudnick v Glendale Sys.*, 222 AD2d 572, 573 [1995], quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *see Busch v Mastropierro*, 258 AD2d 492, 493 [1999]; *Masters v Visual Bldg. Inspections*, 227 AD2d 597 [1996]). In support of this branch of their motion, Balco and Scotti relied upon the contract, which provides that Balco made no representation or warranty, either express or implied, as to the assets sold,

Balco's business, or "any matter or thing affecting or relating to this agreement, except as specifically set forth in this agreement." The contract also indicates that it contains all of the terms agreed upon between the parties and that it was entered into after full investigation. Such clauses are sufficiently specific to bar the BSS parties from claiming that they were fraudulently induced into entering the contract because of certain oral misrepresentations (*see Rudnick v Glendale Sys.*, 222 AD2d at 573; *see also Danann Realty Corp. v Harris*, 5 NY2d at 320; *Weiss v Shapolsky*, 161 AD2d 707, 708 [1990]). In opposition, the BSS parties failed to raise a triable issue of fact.

Balco and Scotti also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action in action No. 1 seeking to recover attorneys' fees insofar as asserted against them by demonstrating that nothing in the contract provided for such recovery (*see E.C.I. Fin. Corp. v First Am. Tit. Ins. Co. of N.Y.*, 121 AD3d 833, 834 [2014]). In opposition, the BSS parties failed to raise a triable issue of fact.

Upon granting those branches of the motion of Balco and Scotti which were for summary judgment dismissing the causes of action in action No. 1 alleging fraud, tortious interference with contract, defamation, and conspiracy, and to recover attorneys' fees insofar as asserted against them, the Supreme Court properly directed the dismissal of the cause of seeking a permanent injunction insofar as asserted against Balco and Scotti, as there was no evidence of irreparable harm or of an absence of an adequate legal remedy (*see Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595 [2005]; *McDermott v City of Albany*, 309 AD2d 1004 [2003]). Similarly, the Supreme Court properly directed the dismissal of the cause of action alleging breach of contract insofar as asserted against Scotti, since the record demonstrated that Scotti signed the contract of sale in his capacity as an officer of Balco and not individually and, thus, he had no personal liability for any breach of the contract (*see Bonacasa Realty Co., LLC v Salvatore*, 109 AD3d 946 [2013]).

The Supreme Court also properly denied Balco's motion for summary judgment on the complaint in action No. 2. In support of its motion, Balco relied upon the contract, the promissory note, and the personal guarantee. Balco failed to establish its prima facie entitlement to judgment as a matter of law, as his submissions demonstrated that the promissory note and personal guaranty being sued upon were intertwined with the

contract of sale entered into between the parties (*see Montecalvo v Cat E., LLC*, 128 AD3d 783 [2015]; *Fitzpatrick v Animal Care Hosp., PLLC*, 104 AD3d 1078, 1080 [2013]). Although the breach of a related contract generally cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where the contract and instrument are intertwined (*see Lorber v Morovati*, 83 AD3d 799, 800 [2011]). Here, the action to recover damages for breach of contract is sufficiently intertwined with the action to recover on the promissory note, such that denial of summary judgment to enforce the promissory note and personal guaranty was proper (*see Vecchio v Colangelo*, 274 AD2d 469, 471 [2000]). Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.