*Crye Precision LLC v. Bennettsville Printing*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge*.*

_____

CRYE PRECISION LLC, LINEWEIGHT LLC,

> *Plaintiff-Appellants*,

> v.                                             17-3341

BENNETTSVILLE PRINTING,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          ROBERT HOROWITZ, Greenberg Traurig LLP, New York, NY

For Defendant-Appellee:          JONATHAN HOLLIS (Christian D. Carbone, Sara A. Slain, *on the brief*), Loeb & Loeb LLP, New York, NY

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellants Crye Precision LLC and Lineweight LLC (together "Crye") appeal from the September 27, 2017, decision and order of the district court granting summary judgment to Defendant-Appellee Bennettsville Printing ("Bennettsville") on Crye's breach of contract claims relating to the 2014 licensing agreement (the "Licensing Agreement") between the entities. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). We may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court. *See Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003).

We conclude that the district court correctly granted summary judgment to Bennettsville on the breach of contract claims. Crye's complaint alleges that Bennettsville breached § 7 of the Licensing Agreement by manufacturing a camouflage material for the United States Military

2

known as "Scorpion W2." Joint App'x 32. Section 7 prohibited Bennettsville from making, or "assist[ing] or encourag[ing] others to make, products that are confusingly similar in design or appearance . . . to, or which constitute derivative works of, any of the IP." J.A. 750. We disagree with Crye's contention that the district court erred in holding that this non-compete clause was unenforceable as a matter of law.

Covenants not to compete have traditionally arisen in two circumstances. First, "[w]here there is a sale of business courts will enforce an incidental covenant by the seller not to compete with the buyer after the sale." *Purchasing Assocs. v. Weitz*, 13 N.Y.2d 267, 271 (1963). The sole limitation on the enforceability of such a covenant is that the restraint imposed be "reasonable," that is, "not more extensive, in terms of time and space, than is reasonably necessary to the buyer for the protection of his legitimate interest in the enjoyment of the asset bought." *Id.* at 271-72. Second, covenants not to compete are also frequently incorporated in employment contracts. Non-competes in employment contracts are "strictly construed because of the powerful considerations of public policy which militate against sanctioning the loss of a person's livelihood." *Brown & Brown, Inc. v. Johnson*, 25 N.Y.3d 364, 370 (2015) (internal quotation marks omitted). In this context, "a restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's *legitimate interests*, not harmful to the general public and not unreasonably burdensome to the employee." *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 389 (1999). "A restraint is 'reasonable' only if it: (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public." *Id.* 388-89.

The Licensing Agreement between Crye and Bennettsville does not fit comfortably into either of the above categories because it involves neither the sale of a business nor an employment

3

arrangement. Courts within our circuit to consider restrictive covenants in "ordinary commercial contracts" have derived from New York law a standard akin to "a simple rule of reason, balanc[ing] the competing public policies in favor of robust competition and freedom of contract." *Baker's Aid, a Div. of M. Raubvogel Co. v. Hussmann Foodservice Co.*, 730 F. Supp. 1209, 1214 (E.D.N.Y. 1990) (citing *Hodge v. Sloan*, 107 N.Y. 244 (1887)); *see also DAR & Assocs., Inc. v. Uniforce Servs., Inc.*, 37 F. Supp. 2d 192, 197 (E.D.N.Y. 1999) (applying the "rule of reason" to a licensing contract).

We acknowledge that New York law does not contain a large body of guidance on the assessment of covenants not to compete within commercial intellectual property licenses such as at issue here. We need not decide the precise framework, however, under which to analyze the restrictive covenants in the Licensing Agreement because § 7 is not "reasonable" under even the most lenient standard to which New York subjects such covenants. *See Mohawk Maint. Co. v. Kessler*, 52 N.Y.2d 276, 284 (1981) ("[T]he requirement that such covenants be 'reasonable' in scope has never been completely abandoned and remains an important part of our case law."); *Dynamic Med. Commc'ns, Inc. v. Norwest Trade Printers, Inc.*, 685 N.Y.S.2d 19 (App. Div. 1999) (upholding a covenant not to compete in "commercial contracts between business entities" as "reasonable as to both time and scope" because "the clause in question was reasonably limited in duration, did not restrict defendants from competing with plaintiff for printing jobs, and did not even completely bar them from soliciting plaintiff's customers"); *Emerging Vision, Inc. v. Main Place Optical, Inc.*, 814 N.Y.S.2d 560 (Sup. Ct. 2006) (noting, in considering whether a covenant not to compete in a franchise agreement was enforceable, that "[c]ovenants not to compete will be enforced if they are reasonable in geographic scope and duration") (citing *Mohawk*, 52 N.Y.2d); *see also Chevron U.S.A., Inc. v. Roxen Serv., Inc.,* 813 F.2d 26, 28 (2d Cir. 1987) (noting that in

4

either an employment or sale of business contract "the covenant must be reasonable"). Section 7 prohibits Bennettsville from making any patterns that are "confusingly similar" to Crye's "Multicam" design. J.A. 750. This vague directive has no temporal or geographic limitation and could be read to prohibit Bennettsville from printing any camouflage material in perpetuity. Such a restraint on trade goes far beyond that which New York courts have deemed to be reasonable. *See*, *e.g*, *Maxon v. Franklin Traffic Serv., Inc.,* 689 N.Y.S.2d 559 (App. Div. 1999) (striking down as unreasonable a provision restricting former franchisee from competing within 300 miles for five years).

We also acknowledge that not every restriction in a licensing agreement should be characterized as a non-compete, but nonetheless reject Crye's contention that § 7 does not qualify as such. "A valid license . . . immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor." *Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007). By contrast, in prohibiting Bennettsville from making, or encouraging others to make, material "confusingly similar" to Crye's "Multicam" design, § 7 goes beyond merely limiting the scope of Bennettsville's license by precluding Bennettsville from competing in the same field as Crye. *See Purchasing Assocs*., 13 N.Y.2d at 271 (defining a non-compete as "an agreement in restraint of trade"). Indeed, the conduct to which Crye takes issue is not Bennettsville's use of Crye's intellectual property, but rather Bennettsville's printing of a different camouflage material (Scorpion W2) patented by the United States Military.

We also disagree with Crye's contention that the district court erred in declining to "blue pencil" the unreasonable portions of § 7. The "blue pencil" rule permits a court to partially enforce a restrictive covenant if "the unenforceable portion is not an essential part of the agreed exchange" and the party enforcing the covenant acted in good faith. *BDO Seidman*, 93 N.Y.2d at 394. For

5

example, "where an otherwise valid restrictive covenant does not contain a geographic limitation, the court may . . . interpret the clause in conformity with the intent of the parties." *Deborah Hope Doelker, Inc. v. Kestly*, 449 N.Y.S.2d 52 (App. Div. 1982). Here, the district court did not err in refusing to read-in temporal or geographic limitations to § 7. Given that every aspect of the provision remains overly broad, no one term can be severed to permit partial enforcement.

Finally, Crye appeals the district court's determination that § 1.4 of the Licensing Agreement is unenforceable on its face. Section 1.4 prohibits Bennettsville from manufacturing or selling "variations or modifications of any [licensed] products." J.A. 747. We need not reach the issue of the enforceability of § 1.4 because we find that Crye has failed to provide "specific facts" demonstrating that Bennettsville has manufactured or sold "variations or modifications" of the licensed products. *Wright v. Goord*, 554 F. 3d 255, 266 (2d Cir. 2006) ("[T]he party opposing summary judgment . . . must set forth specific facts demonstrating that there is a genuine issue for trial.").

We have considered Crye's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6