Powers v Canandaigua Med. Group, P.C. (2020 NY Slip Op 07790)





Powers v Canandaigua Med. Group, P.C.


2020 NY Slip Op 07790


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1118 CA 19-00202

[*1]BONITA POWERS, AS ADMINISTRATOR OF THE ESTATE OF JAMES POWERS, M.D., DECEASED, PLAINTIFF-RESPONDENT,
v
CANANDAIGUA MEDICAL GROUP, P.C., DEFENDANT-APPELLANT. 






HARTER SECREST & EMERY LLP, ROCHESTER (DANIEL J. ALTIERI OF COUNSEL), FOR DEFENDANT-APPELLANT.
TREVETT CRISTO P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered October 30, 2018. The order denied in part defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: James Powers, M.D. (decedent) commenced this action alleging that defendant undervalued the purchase price of his shares of stock in the professional corporation upon his retirement. The administrator of decedent's estate was substituted as the plaintiff after this appeal was perfected. Defendant appeals from an order insofar as it denied that part of its motion seeking summary judgment dismissing the breach of contract cause of action. We affirm.
Pursuant to the Stock Purchase Agreement at issue (Agreement), the purchase price for the shares of decedent's stock when he retired was "equal to the book value of each such Share . . . The price per Share herein described shall be determined by the independent accountant then employed by the Corporation in accordance with sound accounting principles consistent with past practice." In support of its motion, defendant met its initial burden of establishing that it did not breach the Agreement by submitting evidence that its independent accountant determined the stockholders' equity and that the calculation of the share prices was in accordance with sound accounting principles and consistent with its past practice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, however, decedent raised a triable issue of fact whether defendant breached the Agreement by submitting the affidavit of his accountant, who averred that defendant's calculation of the value of the shares was not in accordance with sound accounting principles, as required by the Agreement (see generally Spadaccini v Ritacco, 186 AD2d 792, 793 [2d Dept 1992]).
We reject defendant's further contention that decedent should have been estopped from contesting the valuation of his shares. "[T]he doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances" (Mahuson v Ventraq, Inc., 118 AD3d 1267, 1269 [4th Dept 2014] [internal quotation marks omitted]), and " 'is ordinarily a question of fact for trial' " (Syracuse Orthopedic Specialists, P.C. v Hootnick, 42 AD3d 890, 893 [4th Dept 2007]). Even assuming, arguendo, that defendant raised the issue of estoppel on its motion and met its initial burden on that issue, we conclude that decedent raised a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court