■ ROBERT E. WALSH, Individually and as Administrator of the Estate of MARGARET T. WALSH, Deceased, Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 18, 1983 in Franklin County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury. ¶ At issue on this appeal is whether the trial court properly found that defendant insurer should be equitably estopped from denying reimbursement to plaintiff, its insured under a group medical insurance policy, for certain payments made by plaintiff for health care services rendered to his wife. We conclude that the trial court did err in so finding and reverse the judgment entered in favor of plaintiff. ¶ Plaintiff submitted to defendant numerous medical bills incurred on behalf

of his wife, who had been severely injured in an automobile accident. The services for which plaintiff sought reimbursement included around-the-clock care in plaintiff's home rendered to plaintiff's wife by unlicensed personnel. Defendant paid the majority of plaintiff's claim, but rejected the portion concerning the home care rendered by unlicensed personnel on the ground that the policy did not cover unlicensed home care unless certain conditions had been met, which were not met in this case. Plaintiff then commenced this action, and the trial court concluded that although defendant had reimbursed plaintiff for all expenses covered by the policy, it should be estopped from denying coverage for the home care services. The estoppel was grounded upon the numerous communications with defendant initiated by plaintiff concerning the mounting medical expenses being incurred by his wife and defendant's failure to advise plaintiff that it would pay for licensed nursing care at home, but not home care by unlicensed personnel. ¶ Plaintiff's complaint asserts a single cause of action seeking damages for breach of contract and, as noted above, the trial court found that defendant had acted in compliance with the terms of the policy. The record does not reveal that the complaint was amended to add a cause of action based upon equitable estoppel (see *Weinberg v D-M Rest. Corp.,* 53 NY2d 499, 509). In any event, plaintiff's proof was inadequate to establish that defendant had full knowledge of the true facts surrounding plaintiff's employment of the unlicensed personnel or that defendant's conduct caused plaintiff to change his position to his detriment. Significantly, there is nothing in the record to indicate that plaintiff had informed defendant of his use of unlicensed personnel to provide the home care. Nor is there any proof that defendant did anything to lead plaintiff to believe that there was coverage when, in fact, the policy provided no coverage. Accordingly, the elements necessary to invoke the doctrine of equitable estoppel are lacking (see, e.g., *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82). Defendant did not engage in dilatory tactics which deprived plaintiff of benefits since plaintiff was receiving benefits under the no-fault provisions of his automobile policy until at least January, 1980. Plaintiff's proof is inadequate to establish defendant's liability under any theory. ¶ Judgment reversed, on the law, with costs, and complaint dismissed. Casey, Weiss and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). In our view, the record supports Trial Term's finding of an equitable estoppel. Initially, it was not necessary for plaintiff to amend his complaint to add a cause of action based on equitable estoppel. Equitable estoppel is not a cause of action as such, but is simply a theory by which a portion of a cause of action may be proved. There was no reason for plaintiff to have pleaded this theory in support of his breach of contract cause of action since defendant never pleaded the limitation provision of the policy as an affirmative defense. Not having been put on notice of the defense, plaintiff cannot be held responsible for failing to plead the theory to avoid such defense. Moreover, defendant has never raised the failure to plead equitable estoppel, either at trial or on appeal, and, therefore, has waived this issue. ¶ On the merits, the evidence supports the finding of equitable estoppel. Specifically, while defendant may not have had actual knowledge of the type of services plaintiff was retaining, constructive knowledge would be sufficient (see *Matter of New York State Guernsey Breeders' Co-op. v Noyes,* 260 App Div 240, 248, mod on other grounds 284 NY 197; *Gratton v Dido Realty Co.,* 89 Misc 2d 401, affd 63 AD2d 959; 21 NY Jur, Estoppel, Ratification, and Waiver, § 21, p 27). The evidence demonstrates that, in January of 1978, plaintiff brought his wife, who had been paralyzed in an automobile accident, home from the hospital and cared for her until her death in August of 1980. During that

period of time, plaintiff was in contact with defendant's agents on a virtually weekly basis. During such time, defendant consistently and repeatedly failed to comply with plaintiff's numerous requests for claim forms which he could use to file claims for his expenses. Instead, defendant's agents responded by raising other policy limitations, all of which plaintiff satisfied. As a result, plaintiff was relegated to submitting his bills directly to defendant at a point in time well after the substantial expenses at issue were incurred. Had defendant properly provided plaintiff with the means to make timely claims, the facts relating to the policy limitation would have been discovered before plaintiff had incurred such costly expenses. Defendant must be charged with constructive knowledge of the facts which would have been provided on the claim forms. ¶ The record also amply demonstrates that defendant's conduct caused plaintiff to change his position to his detriment. Plaintiff had hired registered and licensed practical nurses for certain types of care that only they could provide. For other tasks, he hired home aides whose services cost one half that of licensed nurses. This was necessary because plaintiff had exhausted most of his resources and had taken out loans to pay for his wife's care. Had defendant provided the means for plaintiff to make timely claims and thereby been in a position to inform him that the cost of home aides was not covered, while that of more expensive licensed nurses was, it is obvious that plaintiff would not have continued to hire home aides. It should be noted in this regard that plaintiff obtained statements from his wife's doctor that the services provided by the licensed nurses as well as the home aides were medically necessary. ¶ In conclusion, we agree with Trial Term's finding that defendant's conduct was unconscionable. For over two years while plaintiff was incurring substantial expenses, defendant engaged in dilatory tactics. Then, conveniently, after the expenses were incurred, defendant notified plaintiff that a large portion of them was not covered. To dismiss the complaint is to allow defendant to profit from such conduct.