■ GAIL L. DEL SONNO, Respondent, v AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendant.—Casey, J. Appeal (1) from an order of the Supreme Court (Keniry, J.), entered December 24, 1987 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant American In-

ternational Life Assurance Company of New York, and (2) from the judgment entered thereon.

In May 1977, as a condition of obtaining a Small Business Administration loan in the amount of $210,000 through defendant Taconic Valley Bank for his custom meat business, decedent, William L. Del Sonno, was required to purchase and maintain life insurance on his life in an amount sufficient to cover the unpaid mortgage principal. Therefore, decedent contacted Michael Lofgren, an insurance agent and authorized broker for defendant American International Life Assurance Company of New York (hereinafter AI Life), and requested such insurance. Lofgren informed decedent that a decreasing term life insurance policy could be purchased from AI Life for an annual premium of $478.80. Decedent applied for and AI Life issued a 15-year decreasing term policy in the amount of $210,000. The policy was delivered to Lofgren who delivered it to decedent. Decedent rejected it because the annual premium for the policy delivered was $558.60 instead of the $478.80 premium originally quoted. The increase resulted because the policy delivered provided for annual decreasing term coverage, which was more expensive than a policy for monthly decreasing term coverage, which was the one originally quoted to decedent by Lofgren. Decedent insisted on a correction and gave Lofgren a premium check for $478.80 only. Lofgren forwarded the check and a letter requesting such correction to AI Life. Thereafter, AI Life forwarded a monthly decreasing term policy numbered 7710563 to Lofgren, who delivered it to the bank in accordance with the collateral assignment executed by decedent. This monthly decreasing term policy was issued by AI Life on preprinted form 5829, in contrast to the annual decreasing term policy which had been issued on form 5387. Decedent's subsequent request for a duplicate policy was refused because the policy was already in the possession of the bank. AI Life forwarded a photocopy of only the "face sheet" of policy number 7710563 to Lofgren, who forwarded it and a payment schedule to decedent. Apparently, the original policy for annual decreasing term coverage was not returned to AI Life, and either Lofgren forwarded the original form 5387 policy to decedent with the face sheet or decedent himself inserted the face sheet into the original incorrect policy. Decedent continued to pay an annual premium of $478.80 until his death on February 5, 1981. At that time the loan balance was $190,365.97. AI Life paid a death benefit of $162,225 in accordance with the terms of the monthly decreasing term policy held by the bank.

Plaintiff, decedent's wife and the named beneficiary on the insurance policy, commenced this action, alleging that AI Life owed an additional $19,845 based upon the original policy and the annual decreasing payment schedule that plaintiff had in her possession. After issue was joined, plaintiff and AI Life moved for summary judgment, since the facts as recited were undisputed. The bank did not appear in support of or in opposition to either motion. Supreme Court granted summary judgment to plaintiff, holding that AI Life was bound by the principles of equitable estoppel to pay the death benefit according to the terms of the annual decreasing term policy because it had prepared and sent an erroneous face sheet to decedent; had failed to secure the return of the original incorrect policy; the face sheet in decedent's possession at the time of his death indicated a form number of 5387, the form used for an annual decreasing term policy, and not form 5829, the form for the monthly decreasing term policy; and the payment schedule held by decedent was that of the annual decreasing policy.

We disagree with the determination of Supreme Court and therefore reverse its order and the judgment entered thereon. In the first place, equitable estoppel was not pleaded or urged in support of plaintiff's motion for summary judgment, which it must be with particularity if that theory is relied on *(see, Walsh v Prudential Ins. Co.,* 101 AD2d 988, 989, *affd* 64 NY2d 1053; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852).

Furthermore, on the undisputed facts, neither AI Life nor its broker ever misrepresented any material facts on which decedent relied to his prejudice. Originally, all that decedent sought was a policy that would satisfy the security required by the bank so that his Small Business Administration loan could be provided. When he inquired of Lofgren what that would cost, he was told that the annual premium for a 15-year decreasing term life policy in the required amount would be $478.80. When the original policy was forwarded, decedent was specifically informed that the annual premium would be $558.60 and that this increase was the difference between the premiums for the two different coverages. The original quoted premium of $478.80 would provide only monthly decreasing coverage and not annual decreasing coverage. Having been so informed, decedent insisted on paying the lesser annual premium of $478.80 and demanded that the original policy be corrected and a new policy issued. The new policy that was issued under number 7710563 was a monthly decreasing term policy with an annual premium of $478.80. This policy was

sent to the bank on decedent's behalf and in accordance with the collateral assignment that he had executed. If decedent had reviewed the policy sent to the bank on his behalf, he would have known the type and amount of coverage that he had. Having neglected to do so, he and his beneficiary are bound by what such inspection would have revealed. From the beginning he knew that an annual decreasing term policy would cost him more than a monthly decreasing term policy, yet he insisted that the policy with the lesser premium be substituted for the original more expensive one. Until his death, he paid only the lesser annual premium of $478.80. At no time was he ever promised by AI Life or its agent that he would receive the higher coverage for the lesser premium. Plaintiff has been paid in full according to the terms of the monthly decreasing term policy purchased by decedent at the lesser annual premium.

Order and judgment reversed, on the law, with costs, motion denied, cross motion granted and complaint dismissed against defendant American International Life Assurance Company of New York. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur. *[See,* 137 Misc 2d 340.]