■ DAVID TOWNLEY, Respondent, v EMERSON ELECTRIC CO., Appellant. (Appeal No. 1.) [702 NYS2d 728] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. The court properly determined that defendant did not design, manufacture or sell the allegedly defective product and thus could not be held liable for either negligence or strict products liability (*see, Passaretti v Aurora Pump Co.,* 201 AD2d 475; *Porter v LSB Indus.,* 192 AD2d 205, 215). The court erred, however, in concluding that defendant was equitably estopped from denying its responsibility and in thereafter granting plaintiff's cross motion to amend the complaint to include that theory. It is well settled that "[t]he doc-

trine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances" (*Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793, 794). Here, plaintiff did not plead the doctrine in the complaint or rely upon it in opposition to defendant's motion for summary judgment (*see, Del Sonno v American Intl. Life Assur. Co.*, 148 AD2d 800, 802, *lv denied* 74 NY2d 612). Plaintiff did not allege that defendant led him to believe that it manufactured the product. The evidence establishes that plaintiff had "knowledge of the true facts", thus precluding reliance upon the doctrine of equitable estoppel (*Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 235). We therefore modify the order in appeal No. 1 by granting defendant's motion and dismissing the complaint. We modify the order in appeal No. 2 by denying plaintiff's cross motion to amend the complaint. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ. [*See*, 178 Misc 2d 740.]