■ St. George Hotel Associates et al., Appellants, v Lloyds New York Insurance Company, Defendant, and Investors Insurance Company of America, Respondent. [760 NYS2d 845] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered November 8, 2002, which, inter alia, granted defendant-respondent's motion for summary judgment to the extent of declaring that the subject excess fire insurance policy was written on an actual cash value basis as opposed to a replacement cost basis, unanimously affirmed, with costs.

The subject policy is unambiguous in providing coverage on an actual cash value basis, as defendant insurer contends. Plaintiffs' contention that the policy provides replacement cost coverage is based on an "(X)" next to the words "Replacement Cost Building" in the section of the declarations page entitled "Optional Coverages." However, that section, by its terms, is "[a]pplicable only when entries are made in the schedule below." There are no such entries. In any event, even if the "(X)" did make the policy ambiguous, extrinsic evidence, including, in particular, the deposition testimony of the two insurance brokers who procured the policy for plaintiff, conclusively demonstrates that those who negotiated on plaintiffs' behalf understood that the policy provided only actual cash value coverage (*cf. State of New York v Home Indem. Co.*, 66 NY2d 669, 672 [1985]). Concerning plaintiffs' claim that, at a minimum, they are entitled to the actual cash value of the insured property, issues of fact exist as to whether, inter alia, plaintiffs materially misrepresented the value and loss history of the property and whether the protective safeguards warranty included in the primary policy was incorporated into the subject excess policy. Concur—Buckley, P.J., Sullivan, Rosenberger and Friedman, JJ.