■ KLEWIN BUILDING COMPANY, INC., Respondent, v HERITAGE PLUMBING & HEATING, INC., Defendant, and HARTFORD FIRE INSURANCE Co., Appellant. (And a Third-Party Action.) [840 NYS2d 144]—

In an action to recover damages for breach of contract, the defendant Hartford Fire Insurance Company appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 10, 2006, as denied that branch of its motion which was for summary judgment dismissing the second cause of action in the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Klewin Building Company, Inc. (hereinafter

Klewin), the construction manager for a building project, entered into a subcontract with the defendant Heritage Plumbing & Heating, Inc. (hereinafter Heritage), pursuant to which Heritage was required to supply plumbing materials and services for the project. The defendant Hartford Fire Insurance Co. (hereinafter Hartford) provided a performance bond to Heritage, its principal, for the benefit of Klewin. Hartford's obligations to Klewin under the bond would only arise upon certain conditions, including, inter alia, Klewin's declaration that Heritage defaulted and a termination of Heritage's right to complete the subcontract.

After Klewin declared Heritage in default and terminated Heritage's rights to complete the subcontract, Klewin demanded that Hartford select which action it would take pursuant to the bond to guarantee the performance of the subcontract. Hartford refused, claiming that Klewin failed to perform the conditions precedent giving rise to Hartford's obligation to perform under the bond. Klewin commenced this action, alleging in its second cause of action that Hartford breached the performance bond. Hartford moved for summary judgment, inter alia, seeking to dismiss the second cause of action insofar as asserted against it. In the order appealed from, the Supreme Court, inter alia, denied that branch of Hartford's motion. We affirm the order insofar as appealed from.

"A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 337 n 2 [2005] [internal quotation marks omitted]). "Express conditions precedent, which are those agreed to and imposed by the parties themselves, 'must be literally performed' " (*Preferred Mtge. Brokers v Byfield,* 282 AD2d 589, 590 [2001], quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685, 690 [1995]).

Here, Hartford was not entitled to summary judgment dismissing the second cause of action insofar as asserted against it since it failed to establish that any of the conditions precedent set forth in the performance bond were not satisfied by Klewin (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., supra*; *see generally Zuckerman v City of New York,* 49 NY2d 557, 559 [1980]). Accordingly, it is unnecessary to consider whether Klewin's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

In light of our determination, the parties' remaining conten-

tions need not be addressed. Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.