BRIDGET FONTANELLI, Respondent-Appellant, v HANOVER INSURANCE COMPANY et al., Appellants-Respondents. [851 NYS2d 274]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 27, 2006, as denied that branch of their cross motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Massachusetts Bay Insurance Company and Allmerica Financial Alliance Insurance Company, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The record shows that the defendant Hanover Insurance Company (hereinafter Hanover), and not the defendants Massachusetts Bay Insurance Company (hereinafter Massachusetts Bay) and Allmerica Financial Alliance Insurance Company (hereinafter Allmerica Financial Alliance), issued the subject

homeowner's insurance policy. Thus, the Supreme Court should have awarded Massachusetts Bay and Allmerica Financial Alliance summary judgment dismissing the complaint insofar as asserted against them (*cf. Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc.*, 18 AD3d 590, 592 [2005]).

The Supreme Court correctly declined to award Hanover summary judgment dismissing the complaint insofar as asserted against it. On the cross motion, Hanover demonstrated its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing, prima facie, that the plaintiff's loss was not covered by the insurance policy. In this regard, Hanover provided evidence establishing that the loss resulted from a condition caused by the poor design and construction of the house, and not a "collapse" (*cf. Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 515 [2007]). In opposition, however, the plaintiff raised a triable issue of fact as to whether the loss was covered under the policy (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), by providing evidence establishing that there had indeed been a "collapse," and that the collapse had been caused by a "hidden" condition.

The Supreme Court also correctly declined to award the plaintiff summary judgment against Hanover on the issue of liability. In opposition to the plaintiff's prima facie showing that the loss was covered under the insurance policy, Hanover raised a triable issue of fact (*id.*).

The parties' remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Angiolillo, JJ., concur.