■ MULVIHILL ELECTRICAL CONTRACTING CORP., Appellant, v NAB CONSTRUCTION CORPORATION, Respondent. [858 NYS2d 325]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated March 14, 2007, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint as time-barred is denied.

The plaintiff commenced this action against the defendant in 2004, alleging, inter alia, that the defendant failed to pay for certain work it performed pursuant to a subcontract between the parties. The Supreme Court subsequently granted the defendant's motion for summary judgment dismissing the complaint as time-barred on the ground that the action was barred by the six-month limitations period set forth in the agreement. We reverse.

The defendant failed to meet its initial burden on the motion of making a prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by demonstrating that the six-month limitations period had expired. Pursuant to the terms of the subcontract, the limitations period was to commence running from the earlier of the acceptance of the plaintiff's work as complete by the owner or the defendant, or the issuance of a certificate of occupancy, although, contrary to the plaintiff's assertion, it was not entitled under the contract to written notice of either event.

The defendant relied in part upon the plaintiff's own application for a certificate of compliance submitted to the New York City Department of Transportation (hereinafter the DOT) in 2000 as proof that the work was complete as of that date. However, that document, which the DOT approved, merely constituted evidence that the DOT found that certain work performed by the plaintiff conformed to contract requirements. Moreover, the subcontract did not recite that the issuance of such a certificate of compliance by the DOT would be considered an acceptance of the work as complete by the defendant or the owner.

The defendant further failed to submit adequate documentary evidence establishing that it was paid in full in 2002 by the owner, so as to demonstrate under the main contract that the plaintiff's work was accepted as complete by the owner at that time.

Accordingly, since the defendant failed to present sufficient evidence as to when either it or the owner accepted the plaintiff's work as complete, or a certificate of occupancy was issued, it failed to make a prima facie showing that the six-month limitations period had expired prior to the plaintiff's commencement of the action.

The plaintiff's additional contention based on the doctrine of law of the case is without merit (*see Donahue v Nassau County Healthcare Corp.,* 15 AD3d 332 [2005]; *Perritano v Perone,* 130 AD2d 472 [1987]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.