OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
Plaintiff purchased a homeowner’s insurance policy from defendant insurance company. Her insurance policy covered, among other things, risk to her residence and its contents from fire; it also provided that, in the event plaintiffs residence was made unfit for occupancy by reason of an insured event, defendant would pay for such necessary and reasonable increases in living expenses as plaintiff incurred to maintain the normal standard of living of her household while her residence was restored or her household was resettled. The cost of restoration of plaintiffs residence and the payment of her increases in living expenses were both covered under a section of her insurance policy generally denominated “Principal Property Coverages,” in subsections titled “Residence” and “Additional Living Expense and Loss of Rent Coverage.” The policy contained a contractual period of limitations on the time within which the insured could sue defendant, specifying that for property coverages, “No suit to recover for any property claim may be brought against us unless . . . the suit is commenced within 2 years after the loss.”
On April 12, 2006, a fire in plaintiff’s home rendered it uninhabitable. Plaintiff retained an insurance adjustor and timely filed a claim for payment against defendant. After some delay, defendant settled plaintiffs primary claim and her home was repaired. She incurred additional living expenses until April 2007, when she moved back into her home. Some, but not all, of her claims for additional living expenses were reimbursed.
After demanding payment and filing complaints with the New York State Insurance Department concerning defendant’s failure to pay disputed claims, plaintiff commenced this action on April 14, 2008, just over two years after the date of the fire, to recover the principal amount of $8,750, representing unpaid additional living expenses. Defendant moved for summary judgment dismissing the complaint on the ground that it was time-barred. The District Court denied defendant’s motion, concluding that there existed a question of fact as to when plaintiffs cause of action accrued, and defendant appeals.
*92 In support of its motion for summary judgment dismissing the complaint, defendant relied entirely on the contractual period of limitations contained in the insurance policy. That provision required that actions be brought within two years “after the loss,” but failed anywhere to define the term “loss,” although it did define “occurrence.” Also, for “additional living expenses,” covered expenses were to be paid on a monthly basis upon submission of reasonable proof of the insured’s expenses. The policy’s coverage for these items was open-ended, specifying that it was “not limited by the policy period.”
Exclusions from, or limitations of, coverage must be in clear and unmistakable language which is capable of no other reasonable interpretation or implication (see e.g. Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307 [2009]). Ambiguities in insurance policies are required to be construed against the insurer, particularly when found in clauses that exclude or limit coverage (see Breed v Insurance Co. of N. Am., 46 NY2d 351, 353 [1978]). In the absence of a specific provision regarding accrual in a contract of insurance, the statute of limitations generally begins to run upon the insurer’s breach of contract by its failure to pay (see Medical Facilities v Pryke, 62 NY2d 716 [1984]; see also Fabozzi v Lexington Ins. Co., 601 F3d 88 [2010]; cf. Costello v Allstate Ins. Co., 230 AD2d 763 [1996]; 815 Park Ave. Owners v Fireman’s Ins. Co. of Washington, D.C., 225 AD 2d 350 [1996]). Here, we conclude that the insurance policy was ambiguous as to the applicable limitations period respecting actions seeking additional living expenses. Thus, the statute of limitations on these items did not begin to run until after defendant’s breach of contract, and had not run at the time this action was commenced. Accordingly, the District Court correctly denied defendant’s motion for summary judgment, and we affirm the order.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.