■ LEXINGTON INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [58 NYS3d 116]—

In an action to recover damages for breach of an insurance contract and for declaratory relief, the defendant appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated January 19, 2016, which denied its motion for summary judgment dismissing the complaint and for a declaration in its favor, and granted the plaintiff's motion for summary judgment on the complaint and declaring that the plaintiff's policy provided only excess insurance coverage for a loss and that the defendant's policy provided primary insurance coverage for that loss.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint and declaring that the plaintiff's policy provided only excess insurance coverage for a loss and that the defendant's policy provided primary insurance coverage for that loss, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Lexington Insurance Company, commenced this action against the defendant, Allstate Insurance Company. The plaintiff alleged that it issued an insurance policy to the holder of a home mortgage, and the defendant issued an insurance policy to the homeowner. The plaintiff paid its insured in response to a claim for benefits for damage to the home caused by a fire. Essentially, the plaintiff's position was that the de-

fendant would have covered this loss, as primary with respect to the plaintiff's excess policy, had the defendant not improperly cancelled, and subsequently reinstated, the policy between the defendant and the homeowner. The defendant moved for summary judgment dismissing the complaint and for a declaration in its favor. The plaintiff moved for summary judgment on the complaint and declaring that its policy provided only excess insurance coverage for the loss and that the defendant's policy provided primary insurance coverage for that loss. The Supreme Court denied the defendant's motion and granted the plaintiff's motion. The defendant appeals.

Contrary to the defendant's contention, the plaintiff has an independent equitable right to raise the issues of whether the defendant properly cancelled the homeowner's policy, and whether the defendant thus should have provided primary insurance for the subject loss. "Indemnity is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement. In the insurance context, the right to indemnity may arise, as in the case of contribution, either in the insurer's own right or by way of subrogation to the right of its insured" (15 Steven Plitt et al., Couch on Insurance 3d § 217:16). "[W]here an excess insurer makes a payment which, as between it and the primary insurer, should have been paid by the latter, the excess insurer is entitled to recoup such payment by way of indemnity from the primary insurer" (*id.*; *see* 2 Windt, Insurance Claims and Disputes 6th § 10:11; *see also Luvata Buffalo, Inc. v Lombard Gen. Ins. Co. of Can.*, 2010 WL 826583, *3-4, 2010 US Dist LEXIS 19334, *7-10 [WD NY, Mar. 4, 2010, No. 08-CV-00034 (A) (M)], *adopted sub nom. Luvata Buffalo, Inc. v AIG Europe, S.A.*, 2010 WL 1292301, 2010 US Dist LEXIS 30210 [WD NY, Mar. 29, 2010, No. 08-CV-0034A]). Here, if the defendant improperly cancelled and later reinstated the homeowner's insurance policy, then it may be equitable for the defendant to pay for the loss that would have been covered under its policy but for the improper cancellation.

Although, the plaintiff may be able to recover against the defendant on an equitable theory, the plaintiff has not shown, prima facie, that the policy between the defendant and the homeowner was improperly cancelled. As a result, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate all triable issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Likewise, the defendant, on its motion, failed to eliminate all triable issues of

fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Thus, the Supreme Court properly denied the defendant's motion, but should have denied the plaintiff's motion. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.