Bank of N.Y. Mellon v Bey (2021 NY Slip Op 00540)





Bank of N.Y. Mellon v Bey


2021 NY Slip Op 00540


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10946
 (Index No. 12752/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Jamilla Reavis Bey, etc., appellant, et al., defendants.


Mobilization for Justice, Inc., New York, NY (Jeanette Zelhof and Belinda Luu of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara and Rajdai Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jamilla Reavis Bey appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 12, 2018. The order, insofar as appealed from, denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 14, 2005, the defendant Jamilla Reavis Bey (hereinafter the defendant) executed a note in the principal sum of $150,000. The note was secured by a mortgage on certain residential property located in Brooklyn. The defendant allegedly defaulted by failing to make the monthly payment due on October 1, 2011, and all subsequent payments thereafter. As relevant to the instant appeal, on October 5, 2012, the defendant purportedly executed a Home Affordable Modification Agreement (hereinafter HAMA). The HAMA stated, inter alia, that the loan documents would not be modified "unless and until" certain preconditions as set forth therein were satisfied.
In 2015, the plaintiff commenced this action to foreclose the mortgage. Thereafter, the plaintiff moved for summary judgment on the complaint, and the defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. The defendant asserted, inter alia, that the subject mortgage loan had been modified pursuant to the HAMA. In an order dated March 12, 2018, the Supreme Court, among other things, denied the plaintiff's motion and denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. The defendant appeals from so much of the order as denied that branch of her cross motion.
The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. "[A] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Oppenheimer & Co. v Oppenheim, Appel, [*2]Dixon & Co., 86 NY2d 685, 690; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 337 n 2). The use of terms such as "unless" and "until" constitutes "unmistakable language of condition" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d at 691 [internal quotation marks omitted]). "Express conditions must be literally performed; substantial performance will not suffice" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d at 645; see Klewin Bldg. Co., Inc. v Heritage Plumbing & Heating, Inc., 42 AD3d 559, 560).
Here, in support of that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Specifically, the defendant failed to tender sufficient evidence demonstrating, inter alia, that the preconditions set forth in the HAMA had been satisfied and that the subject mortgage loan had been modified pursuant to the HAMA (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d at 690-691; cf. M & B Equities v Parkway Gardens Owners, 286 AD2d 755, 756). Failure to make such a prima facie showing requires a denial of this branch of the defendant's cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court