Mulle v Lexington Ins. Co. (2021 NY Slip Op 05707)





Mulle v Lexington Ins. Co.


2021 NY Slip Op 05707


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-06834
 (Index No. 704882/13)

[*1]Joseph Mulle, et al., appellants, 
v
Lexington Insurance Company, etc., respondent.


Michael J. Strenk, Commack, NY, for appellants.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Costantino P. Suriano and Robert S. Goodman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of an insurance policy, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 10, 2018. The order granted the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover under the insurance policy for damages caused by an oil spill from a heating fuel tank not located on the plaintiffs' property and denied the plaintiffs' cross motion for summary judgment determining that the defendant is liable under the insurance policy for damages caused by the oil spill and for leave to amend the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover under the insurance policy for damages caused by the oil spill, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant issued the plaintiffs a homeowner's insurance policy insuring the plaintiffs' home located in Belle Harbor against certain named perils for the period of December 15, 2011, to December 15, 2012. The plaintiffs' home was damaged on October 29, 2012, when Hurricane Sandy struck Belle Harbor. The plaintiffs made claims under the policy for damages incurred as a result of the hurricane. Among other things, the plaintiffs claimed that between October 30, 2012, and October 31, 2012, their home was damaged after hurricane relief workers caused heating oil from a fuel storage tank, displaced by the storm onto a neighbor's lawn, to seep onto the plaintiffs' property.
The policy covered against "direct physical loss" to the property, but did not cover damage caused by the "[d]ischarge, dispersal, seepage, migration, release or escape of pollutants," except under certain conditions. The policy included an endorsement entitled "Property Remediation for Escaped Liquid Fuel and Limited Lead and Escaped Liquid Fuel Liability Coverages" (hereinafter the ELF endorsement), which provided certain coverage for damage caused by the escape of liquid fuel from a fuel system located on property owned by an insured. Following an inspection of the plaintiffs' property by an insurance adjuster contracted by the defendant, the defendant disclaimed coverage for damages caused by the oil spill, contending that the ELF [*2]endorsement was not applicable since the fuel tank from which the spill emanated was not located on the plaintiffs' property.
In October 2013, the plaintiffs commenced this action against the defendant to recover damages for breach of the policy. Thereafter, the defendant moved for summary judgment dismissing so much of the complaint as sought to recover under the policy for damages caused by the oil spill, and the plaintiffs cross-moved for summary judgment determining that the defendant is liable under the policy for damages caused by the oil spill and for leave to amend the complaint. In an order entered April 10, 2018, the Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
In order "to 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case'" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383, quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652; see Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1567; Parauda v Encompass Ins. Co. of Am., 188 AD3d 1083, 1084; Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706, 707). "[P]olicy exclusions are given a strict and narrow construction, with any ambiguity resolved against the insurer" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d at 383, citing Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361). Here, in support of its motion for summary judgment, the defendant did not point to an applicable policy exclusion. Rather, the defendant relied on the ELF endorsement, which provided additional coverage for the remediation of escaped liquid fuel in limited circumstances not present here. Such argument is unavailing. On its face, the ELF endorsement is not an exclusion. While the defendant argues that the existence of the ELF endorsement compels the conclusion that the policy itself excludes coverage for escaped liquid fuel under any circumstances not specified in the endorsement, policy exclusions are "not to be extended by interpretation or implication" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). As such, the defendant failed to meet its initial burden of establishing, prima facie, that an exclusion not subject to any other reasonable interpretation applied in this case (see e.g. Junius Dev., Inc. v New York Mar. & Gen. Ins. Co., 48 AD3d 426, 427). Inasmuch as the defendant argued that the pollution exclusion in the policy precluded coverage for the plaintiffs' losses related to the oil spill, the plaintiffs raised triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; see e.g. Fontanelli v Hanover Ins. Co., 48 AD3d 413, 414) as to whether an exception to the policy's pollution exclusion for acts of "[m]alicious [m]ischief" was applicable to the facts of this case.
The defendant was also not entitled to summary judgment dismissing so much of the complaint as sought to recover under the policy for damages caused by the oil spill on the ground that this insurance claim was time-barred by a provision in the policy requiring that litigation be commenced within two years of a loss. Liberally construing the pleadings (see CPLR 3026), the plaintiffs' timely summons and complaint included the insurance claim for damages caused by the oil spill, which occurred on dates specified within the pleadings, and which damages can be said to have resulted indirectly from the destruction caused by Hurricane Sandy. As such, the defendant failed to meet its burden of establishing, prima facie, that this insurance claim was time-barred (see generally Mulvihill Elec. Contr. Corp. v Nab Constr. Corp., 51 AD3d 881, 882). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover under the policy for damages caused by the oil spill.
Nevertheless, the Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment determining that the defendant is liable under the policy for damages caused by the oil spill, as the record presents unresolved triable issues of fact (see Junius Dev., Inc. v New York Mar. & Gen. Ins. Co., 48 AD3d at 428). The court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the complaint, as the motion was not accompanied by a proposed amended or supplemental complaint (see CPLR 3025[b]; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court