Lorens v New York Cent. Mut. Fire Ins. Co. (2023 NY Slip Op 00018)

Lorens v New York Cent. Mut. Fire Ins. Co.

2023 NY Slip Op 00018

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534655
[*1]Maciej Lorens et al., Respondents,
v
New York Central Mutual Fire Insurance Company, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Gregory S. Gaglione Jr. of counsel), for appellant.
DeTraglia Law Office, Utica (Michele E. DeTraglia of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered December 21, 2021 in Otsego County, which, among other things, partially denied defendant's cross motion for summary judgment dismissing the complaint.
Plaintiffs are the owners of real property located in the Town of Edmeston, Otsego County that was damaged by a fire in December 2017. Plaintiffs had a homeowner's insurance policy issued by defendant that became effective March 2015 and continued to be in effect during the relevant period. The policy limited reimbursement for damage to the dwelling at $356,000, identified as Coverage A in the policy. The policy also contained an endorsement that enhanced the liability limit up to 125% of the dwelling limit provided that plaintiffs, among other things, give notice of any alterations that "increase the replacement cost of the dwelling by 5% or more." Further, the policy provided coverage for necessary increases to living expenses incurred because of a loss, limited to "the shortest time required to repair or replace the damage."
In February 2018, defendant provided plaintiffs with a statement of loss that, among other things, identified the policy limit total as $467,250 in accordance with the Coverage A endorsement. Plaintiffs thereafter commenced repairs on the property that were ongoing through 2019. After authorizing certain payments pursuant to the policy, defendants declined further coverage for the dwelling replacement costs beyond the $356,000 Coverage A limit, and also denied additional living expenses beyond the 12½-month period following the fire.
Accordingly, plaintiffs brought this action in November 2019, seeking to recover the increased dwelling policy limit under the policy endorsement and additional living expenses. During discovery, plaintiffs informed defendant that they had made several improvements to the property from 2016 through 2017 that, according to plaintiffs, had raised the value of the property from $200,000 to $275,000. Plaintiffs did not support that assertion with any appraisal or other professional valuation. After learning of these improvements, defendant advised plaintiffs that it had failed to meet the condition precedent required for the enhanced dwelling coverage. Specifically, defendant advised plaintiffs that their failure to notify defendant of the alterations to the dwelling which, according to defendant and in reliance on plaintiffs' representation of the value of those alterations, increased the replacement cost of the dwelling by more than 5%.
Thereafter, plaintiffs moved for summary judgment, seeking relief on an estoppel theory based on their assertion that they had relied on the notice from defendant's claim representatives indicating that the maximum recoverable limit under the policy amounted to $467,250 to complete the repairs to the property. Defendant opposed plaintiffs' motion and cross-moved for summary judgment dismissing the complaint based upon plaintiffs' failure [*2]to comply with the condition precedent. Supreme Court denied plaintiffs' motion and partially denied defendant's cross motion, determining that there were issues of fact with respect to plaintiffs' claim for additional dwelling payments and certain additional living expenses. Defendant appeals.
In order to meet its prima facie burden on its summary judgment motion, defendant was required to "tender[] sufficient evidence to eliminate all triable issues of fact" entitling it to judgment as a matter of law (Lexington Ins. Co. v Allstate Ins. Co., 151 AD3d 1045, 1046 [2d Dept 2017]; see Fontanelli v Hanover Ins. Co., 48 AD3d 413, 414 [2d Dept 2008]). "Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies" (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985] [citations omitted]). "Before an insurance company is permitted to avoid policy coverage, it must satisfy its burden of establishing that the policy does not cover the loss or that an exclusion or exemption applies, and that the policy provisions are clear and subject to no other reasonable interpretation" (Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1209 [3d Dept 2021] [internal quotation marks and citations omitted]; see Wickline v New York Cent. Mut. Fire Ins. Co., 163 AD3d 1238, 1239 [3d Dept 2018]).
Turning first to the additional dwelling coverage, defendant contends that it is entitled to judgment as a matter of law based upon plaintiffs' failure to meet the condition precedent for additional coverage. The relevant language in the Coverage A addendum to the policy states that coverage to the liability limit for the dwelling could be increased to an amount equal to "the current replacement cost of the dwelling, (to a maximum of 125% of the Coverage A limit of liability)," provided that plaintiffs notify defendant "within 30 days of completion, of any alterations to the dwelling which increase the replacement cost of the dwelling by 5% or more." In support of its contention that this condition was triggered, defendant relies solely on plaintiffs' representation that certain alterations made to the dwelling had raised its value from $200,000 to $275,000. We note, however, that the representation made by plaintiffs and relied upon by defendant concerns the value of the dwelling and not its replacement cost. While defendant uses the terms interchangeably in pursuit of its arguments, the terms clearly have different meanings in the policy (see e.g. St. George Hotel Assoc. v Lloyds N.Y. Ins. Co., 306 AD2d 197, 197 [1st Dept 2003]; see generally Harrington v Amica Mut. Ins. Co., 223 AD2d 222, 228 [4th Dept 1996], lv denied 89 NY2d 808 [1997]). To this end, while the term "replacement cost" is not specifically defined in the policy, construing its terms in favor of the insured (see Finch v Erie Ins. Co., ___ AD3d ___, ___, 2022 NY Slip Op 06851, *1 [3d Dept 2022]), it [*3]is evident that the intended measure for determining whether the replacement cost has been raised for purposes of triggering the condition precedent is the amount identified as the Coverage A dwelling limit in place at the time the policy became effective. In other words, defendant was required to establish that plaintiffs' alterations had increased the replacement cost of the dwelling 5% beyond the $356,000 dwelling limit in Coverage A. While defendant suggests that the increase to replacement costs is the "logical" result of any alterations, we cannot simply accept that a change in value would have a similar effect on the replacement cost in the absence of competent proof to that effect, particularly in light of the fact that the replacement cost of the dwelling already appears to have far exceeded its value both before and after the alterations.[FN1] Accordingly, we find that defendant has not established its entitlement to summary judgment (see Klewin Bldg. Co., Inc. v Heritage Plumbing & Heating, Inc., 42 AD3d 559, 560 [2d Dept 2007]; New York Mut. Underwriters v Baumgartner, 19 AD3d 1137, 1139 [4th Dept 2005]).
As to Supreme Court's determination on the estoppel argument raised in plaintiffs' summary judgment motion and in response to defendant's cross motion, we agree with the court that there are issues of fact as to whether plaintiffs detrimentally relied on defendant's representations (see Ingalsbe v Chicago Ins. Co., 270 AD2d 684, 685 [3d Dept 2000], lv dismissed 95 NY2d 849 [2000]; Besicorp Group v Enowitz, 235 AD2d 761, 764 [3d Dept 1997]). In this respect, the record reveals that, after the parties obtained their respective estimates for repairs to the property, defendant's representatives advised plaintiffs that the policy limit for replacing the dwelling was $467,250. Plaintiffs made efforts to begin repairs thereafter and there is no indication that defendant disclaimed coverage based upon plaintiffs' purported failure to meet the condition precedent in the policy until after litigation was commenced and repairs were well underway (see Salomon v Blanksteen Agency, 120 AD2d 427, 430 [1st Dept 1986], lv dismissed 68 NY2d 807 [1986]; see also Jing Yu v Allstate Ins. Co., 208 AD3d 857, 858 [2d Dept 2022]).
To the extent that plaintiffs ask that we search the record and grant them summary judgment on their estoppel theory, we note their failure to cross-appeal Supreme Court's determination that there are issues of fact precluding summary judgment in their favor. In the absence of a cross appeal, the circumstances do not permit us to grant plaintiffs relief, as resolution of the estoppel issue is unnecessary to accord full relief to defendant on this appeal (cf. Finch v Erie Ins. Co., 2022 NY Slip Op 06851, *2; Champlain Gas & Oil, LLC v People of the State of New York, 185 AD3d 1192, 1195 [3d Dept 2020]; Weimer v City of Johnstown, 249 AD2d 608, 611 [3d Dept 1998], lv denied 92 NY2d 806 [1998]). Moreover, while an insured may properly [*4]raise estoppel as a defense to an insurer's disclaimer of coverage in order to avoid dismissal (see O'Dowd v American Sur. Co. of N.Y., 3 NY2d 347, 355 [1957]; Matter of U.S. Specialty Ins. Co. [Denardo], 151 AD3d 1520, 1523-1524 [3d Dept 2017], lv denied 30 NY3d 904 [2017]; Townley v Emerson Elec. Co., 269 AD2d 753, 753-754 [4th Dept 2000]; Mattimore v Patroon Fuels, 103 AD2d 981, 982 [3d Dept 1984]), we agree with defendant that plaintiffs would not be entitled to summary judgment on that theory without first moving to amend their pleadings to assert an estoppel claim as a proper basis for relief (see Monticello Raceway Mgt., Inc. v Concord Assoc., L.P., 129 AD3d 1183, 1186 [3d Dept 2015], lv denied 26 NY3d 913 [2015]; Walsh v Prudential Ins. Co. of Am., 101 AD2d 988, 989 [3d Dept 1984], affd 64 NY2d 1053 [1985]; see also Weinberg v D-M Rest. Corp., 53 NY2d 499, 509 [1981]; Forman v Guardian Life Ins. Co. of Am., 76 AD3d 886, 889 [1st Dept 2010]).
Finally, with respect to the additional living expenses, we similarly conclude that issues of fact persist, foreclosing summary judgment in favor of defendant. While the policy clearly limits such payments to the shortest time required to make the necessary repairs following a loss, there is no indication that the policy contains a definite limit to that period (compare Woodworth v Erie Ins. Co., 743 F Supp 2d 201, 215 [WD NY 2010]; Pandarakalam v Liberty Mut. Ins. Co., 137 AD3d 1234, 1235 [2d Dept 2016]). To this end, defendant contends that plaintiffs were responsible for the delays that extended the timeline for repairs, and that a one-year period was reasonable under the circumstances. However, the record contains some indication that plaintiffs had issues securing a reliable contractor to perform work and that weather conditions periodically affected their ability to complete the necessary repairs. While plaintiffs may bear some responsibility for those delays, we find that defendant's submissions do not definitively resolve what period of time would be reasonable in light of the circumstances of this case. Accordingly, viewed in the light most favorable to plaintiffs, we find that defendant's submissions fail to establish the absence of triable issues of fact concerning its representation that the one-year period was the shortest period of time that the repairs could be completed (see generally Woodworth v Erie Ins. Co., 743 F Supp 2d at 215; Villa v Sterling Ins. Co., 28 Misc 3d 90, 92 [App Term, 2d Dept 2010]).
To the extent that the parties' remaining contentions are not explicitly addressed, we have considered them and determined that they lack merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The parties' competing estimates of the cost to replace the dwelling were well above the $356,000 dwelling limit. However, it is unclear whether and to what extent the costs identified in those estimates were impacted by plaintiffs' alterations as opposed to other factors.